0140

George S. MORAN, Respondent, v. Marion Deveaux JONES, Jr., Appellant.
(315 S. E. (2d) 136)

Court of Appeals

*T. Reeve Sams,* Beaufort, *for appellant.*

*James H. Moss,* Beaufort, *for respondent.*

April 2, 1984.

SANDERS, Chief Judge:

Respondent George S. Moran was struck by a car being driven by appellant Marion Deveaux Jones as he was attempting to cross U. S. Highway 21 at its intersection with Land's End Road in the community of Frogmore. The jury returned a verdict in favor of Moran for actual damages. We affirm.

### I

In considering this appeal, our jurisdiction extends only to the correction of errors of law. Factual findings of the jury cannot be disturbed unless there is no evidence which reasonably supports them. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). Reversal of the jury's verdict can only result when the sole reasonable inference which can be drawn from the evidence is contrary to the factual findings implicit in its verdict. *Bell v. Harrington Manufacturing Company,* 265 S. C. 468, 219 S. E. (2d) 906 (1975); *Willis v. Floyd Brace Co., Inc.,* 309 S. E. (2d) 295 (S. C. App. 1983).

The first three questions which Jones raises on appeal are (1) whether there was any evidence of his negligence, (2) whether Moran was guilty of contributory negligence as a matter of law and (3) whether it was error for the trial judge to charge section 56-5-3130(a) of the Code of Laws of South Carolina (Supp. 1983).

Code section 56-5-3130(a) provides:

> When traffic-control signals are not in place or not in operation the driver of a vehicle shall yield the right-of-way, slowing down or stopping if need be to yield to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger.

It is undisputed that there were no traffic control signals at this intersection.

Therefore, our first task here is simply to determine from the record whether there is any evidence from which it can be inferred that Moran was within a "crosswalk" when he was struck. Obviously, if such evidence appears in the record, the trial judge was correct in charging this Code section. It is equally obvious that the existence of such evidence would also constitute evidence of Jones' negligence in failing to yield the right-of-way to Moran. Furthermore, the existence of such evidence would negate the contention of Jones that Moran was guilty of contributory negligence in failing to yield the right-of-way to him.[1] Code section 56-5-500(1) defines a "crosswalk" as:

> That part of a roadway at an intersection included within the connections of the lateral lines of the sidewalks on opposite sides of the highway measured from the curbs or in the absence of curbs from the edges of the traversable roadway. . . .

Code section 56-5-480 defines the term "sidewalk" as "that portion of a street between the curb lines, or the lateral lines, of a roadway and the adjacent property lines, intended for the use of pedestrians." Thus, according to the definitions provided by these Code sections, the "crosswalk" at this intersec-

---

[1] Jones also argues that Moran was negligent in wearing dark clothes, contrary to recognized "safety warnings." We reject this argument. Although the accident happened at night, there was evidence that several nearby stores cast light on the intersection. Where, as here, evidence on the issue of contributory negligence is susceptible of more than one reasonable inference, the issue must be determined by the jury. *Toole v. Slater*, 249 S. C. 354, 154 S. E. (2d) 434 (1967); *Davenport, by his G/A/L, et al. v. Walker*, S. C. App. 313 S. E. (2d) 354 (1984).

tion across Highway 21 is an extension of the "sidewalk" area on the side of Land's End Road. Although not drawn to scale, plaintiff's Exhibit #24 indicates the general location of this "crosswalk" across Highway 21 from the southwest corner of its intersection with Land's End Road. A copy of this exhibit is attached here. (Land Ends Road is indicated on this diagram as "S-45.")

Jones testified he was proceeding east on Highway 21 approaching its intersection with Land's End Road when he saw one C. J. Johnson standing in the median which separated the east and west bound lanes of the highway. Jones testified he saw Johnson when his car was "10 to 12 feet" from the end of the median and Johnson was "10 to 15 feet" in front of his car, "2 to 5 feet" to the left of its path of travel. This testimony would place Johnson in the median, within 2 feet of its end and not more than 5 feet from its edge. Jones testified further that his car struck Moran *before* reaching the point opposite where Johnson was standing and Moran was "3 or 4 feet" from Johnson, directly in front of the car when it struck him. In our opinion, it may be inferred from this testimony that Moran was within the "crosswalk" as defined by Code sections 56-5-500(1) and 56-5-480 and indicated by plaintiff's Exhibit #24.

It is true, as pointed out by Jones, that the testimony of other witnesses, including Moran himself, tends to show that Moran was outside this "crosswalk" when struck. However, judging the credibility of testimony and determining the weight it is to be given are functions of the jury, not this Court. *Tisdale v. Kerr McGee Chemical Corporation*, 266 S. C. 64, 221 S. E. (2d) 531 (1976); *Davenport, by his G/A/L, et al, v. Walker*, S. C. App. 313 S. E. (2d) 354 (1982). This principle applies to contradictions in the testimony of a party as well as other witnesses. *Anderson v. Hampton & Branchville Railroad & Lumber Co.*, 134 S. C. 185, 132 S. E. 47 (1926); *Davenport.*

II

The next question raised by Jones is whether the trial judge erred in refusing to allow him to call witnesses because of his failure to answer Moran's interrogatories.

This action began in June 1980. Pursuant to Circuit Court Rule 90, Moran served Jones with interrogatories the following September requesting, in part, the names and addresses of all persons known to Jones or his counsel to be witnesses concerning any facts of the case. Service was acknowledged and Jones immediately served interrogatories on Moran. Counsel for Moran answered, but in October had to move for an order compelling Jones to do the same. In March 1981, Judge William Howell signed an order compelling answers. Jones did not comply. That same month, the trial judge issued a standing order notifying all attorneys to present the court with pre-trial briefs and lists of witnesses. Moran complied fully but, again, Jones did not disclose a list of witnesses.

The first day of trial, counsel for Moran presented most of his client's case, which included calling Jones as a witness. Following that testimony, counsel for Jones then presented counsel for Moran with a list of witnesses. Counsel for Moran moved to exclude the witnesses on the ground opposing counsel had not answered interrogatories prior to trial. During arguments on the motion, counsel for Jones stated he only intended to call three of the witnesses on his list: Walter Gay, George Christopher, and Dr. William Besterman. He generally described the substance of their testimony as follows: Gay, an EMS employee, would testify he noticed the odor of alcohol about Moran who vomited on the way to the hospital; Christopher, of Beaufort Anesthesia Associates, would testify he observed the odor of alcohol about Morgan when he was admitted to the hospital; and Dr. Besterman, one of the physicians who treated Moran, would testify as to the history taken regarding Moran's use of alcohol and seizures "possibly" attributable to alcohol withdrawal.

In the course of ruling, the trial judge noted testimony already given by another doctor concerning Moran's history with alcohol, as well as the fact that neither Gay nor Christopher could testify Moran was actually under the influence when they observed him. The judge then granted Moran's motion to exclude defense witnesses based upon Jones' failure to comply with Rule 90 and the two court orders previously discussed. The trial judge determined that the importance of the testimony was outweighed by the surprise to Moran and the need for compliance with Rule 90. Counsel

for Jones made no formal proffer following this ruling.[2]

Counsel for Moran now argues, as he did at trial, that the purpose of interrogatories is merely to put the party on notice of the identity of witnesses known to the opposing party, not to give a list of witnesses who will actually be called to testify. While admitting he failed to technically comply with the rule, counsel argues the spirit of the rule was not violated because Moran should have known about the three witnesses from medical records and depositions. Jones also argues the testimony of Gay and Christopher would have been relevant to the issue of Moran's credibility because, while under oath, he denied having any alcoholic beverage to drink on the day of the accident. Jones also contends the sanction imposed by the trial judge was too harsh.

Circuit Court Rule 90 provides for standard interrogatories which may be served in any civil action. *South Carolina State Highway Department v. Booker*, 260 S. C. 245, 195 S. E. (2d) 615 (1973). These interrogatories serve the dual purpose of promoting out-of-court settlements by having both sides lay their cards on the table and promoting decisions on the merits after a full hearing, should the case go to trial. *Reed v. Clark*, 277 S. C. 310, 286 S. E. (2d) 384 (1982); *Martin v. Dunlap*, 266 S. C. 230, 222 S. E. (2d) 8 (1976).

According to subsection (e)(1) of the rule, interrogatories include the names and addresses of "persons known to the parties or counsel to be witnesses concerning the facts of the case. . . ." Section (d) of the rule provides that answers shall be served within 30 days after service of the interrogatories. Under section (f) of the rule, failure to answer interrogatories allows the party seeking discovery to first seek an order compelling compliance. Thereafter, the court may order payment of reasonable expenses to the party prevailing on the motion. The court may consider failure to comply with such an order as contempt and may strike any or all of any pleading of that party, dismiss all or any part of the action, or enter a judgment in default against that party. *See* Circuit Court Rule 87(H)(7)(a & b).

---

[2] Counsel for Jones also argues the ruling prohibited him from calling Jones to testify. In response to the court's inquiry, counsel did not include his client among those witnesses he wished to call. Furthermore, Jones had already testified and had been cross-examined by his own lawyer.

Even in light of the provisions of Circuit Court Rule 90(f), the question of what sanctions, if any, are to be imposed for failure to comply with Rule 90 is left largely to the discretion of the trial judge. The appropriateness of a sanction is determined by such factors as the precise nature of the interrogatories and discovery posture of the case, willfulness, and degree of prejudice. *Reed; Laney v. Hefley*, 262 S. C. 54, 202 S. E. (2d) 12 (1974).

Exclusion of a witness is a sanction which should never be lightly invoked. *Kirkland v. Peoples Gas Company*, 269 S. C. 431, 237 S. E. (2d) 772 (1977). Before so ruling, the trial court has a duty to ascertain the type witness involved, the content of his evidence, the nature of failure, neglect or refusal to furnish the witness's name, and the degree of surprise to the other party, including any prior knowledge of the name by the other party. *Laney*.

None of the six cases on this issue decided to date by our Supreme Court have presented evidence of willfulness equivalent to that of the instant case.[3] The trial judge justifiably found Jones' failure to comply with Rule 90 and the two court orders was willful. The court also met its duty under *Laney* by inquiring into the matter outside the presence of the jury before determining that the importance of the testimony which would have been given by Jones' three excluded witnesses did not outweigh the surprise to Moran and the need to comply with the rule.

Considering the content of the excluded testimony and the factors outlined in *Laney*, we find no abuse of discretion.

### III

Jones' final two questions address certain materials which he contends the trial jduge should have included in the record on appeal. We have considered these materials as if they were a part of the record before us. These questions are therefore moot.

For these reasons, judgment is

---

[3] *Reed; Kirkland; Martin; Jackson v. H & S Oil Company, Inc.*, 263 S. C. 407, 211 S. E. (2d) 223 (1975); *Laney; Edens v. Cole*, 261 S. C. 556, 201 S. E. (2d) 382 (1973).

Affirmed.

SHAW and BELL, JJ., concur.