1041

Verneva W. DOWNEY, Appellant v. William M. DIXON and Lonnie M. Starnes, Respondents.

(362 S. E. (2d) 317)

Court of Appeals

*Donald M. Holler,* Moncks Corner, *for appellant.*

*Aubrey R. Alvey,* Charleston, *for respondents.*

Heard Oct. 13, 1987.

Decided Nov. 9, 1987.

SANDERS, Chief Judge:

The single issue presented by this appeal is whether the Circuit Court erred in ruling on the motion of appellant Verneva W. Downey that sanctions be imposed against respondent William M. Dixon for his failure to answer interrogatories or attend his deposition as required by the South Carolina Rules of Civil Procedure, effective July 1, 1985. We reverse and remand the case for a new trial.

Ms. Downey sued Mr. Dixon and respondent Lonnie M. Starnes, alleging that Mr. Dixon had caused a motor vehicle accident in which she had been seriously injured. (Her claim against Mr. Starnes was based on the allegation that Mr. Dixon had been acting as his "employee, agent and/or servant.") Ms. Downey prayed for a judgment in the amount of $250,000 actual damages, as well as punitive damages in an unspecified amount.

Mr. Dixon and Mr. Starnes answered, alleging that the accident had been caused by the acts of Ms. Downey, asserting the defense of contributory negligence based on her acts, but not alleging any specific acts of Ms. Downey as having caused the accident or having contributed to its cause.

Ms. Downey served interrogatories on counsel for Mr. Dixon and Mr. Starnes asking that they state what acts of hers they were relying on to support the allegations contained in their answer. Mr. Dixon and Mr. Starnes did not respond to her interrogatories.

Ms. Downey then served notice on counsel for Mr. Dixon and Mr. Starnes of the taking of the deposition of Mr. Dixon. Mr. Dixon failed to attend the deposition, and Ms. Downey moved for an order striking his answer or, in the alternative, for an order refusing to allow him to testify. at the trial of the case.[1]

Counsel for Mr. Dixon and Mr. Starnes did not offer any excuse for their failure to respond to the interrogatories of Ms. Downey or for the failure of Mr. Dixon to attend the deposition except to say that he had "never been able to get with the respondent, William M. Dixon."

The Circuit Court did not impose either of the sanctions sought by Ms. Downey but instead fined Mr. Dixon $50. The

---

[1] Ms. Downey moved for the sanctions against Mr. Dixon pursuant to S.C.R. Civ. P. 37. The sanctions which she sought to have imposed against him are provided under both subdivision (b) and subdivision (d) of the Rule. Rule 37(b) provides sanctions for the violation of an order of the Court to provide or permit discovery. Rule 37(d), on the other hand, provides for sanctions against a party who fails to answer interrogatories or attend his own deposition. The distinction between the two subdivisions is that there must be an order of the Court before sanctions are imposed under subdivision (b), while under subdivision (d) a party may move directly for the imposition of sanctions. *See* H. Lightsey & J. Flanagan, *South Carolina Civil Procedure* 316 (1985) ("[Under Rule 37(d)] sanctions may be imposed without obtaining an order compelling discovery...."); 4A J. Moore, J. Lucas & D. Epstein, *Moore's Federal Practice* § 37.05 at 37-100 (2d ed. 1984) (addressing the comparable Federal Rule: "In short, if the party from whom discovery is sought complies with the rule in question by making the initial response, he has a right to refuse discovery until compelled by court order, subject to the expenses of determining the justification of his refusal; but if he does not comply with the rule, he is subject to the sanctions set forth in Rule 37(d)."); 8 C. Wright & A. Miller. *Federal Practice and Procedure* § 2291 at 807 (1970) (addressing the comparable Federal Rule: "No court order is required to bring Rule 37(d) into play.")

case thereafter proceeded to trial, which resulted in a jury verdict being returned for Mr. Dixon and Mr. Starnes and judgment being entered based on the verdict.

Ms. Downey contends that the Circuit Court erred in not imposing the sanctions which she sought.

■ The imposition of sanctions is generally entrusted to the sound discretion of the Circuit Court. *Cf. Moran v. Jones*, 281 S. C. 270, 276, 315 S. E. (2d) 136, 139 (Ct. App. 1984) (addressing a prior Rule: " [T]he question of what sanctions, if any, are to be imposed for failure to comply with [the Rule requiring answers to certain standard interrogatories] is left largely to the discretion of the trial judge."). Nevertheless, whatever sanction is imposed should serve to protect the rights of discovery provided by the Rules. *See* (addressing the comparable Federal Rule) *Diaz v. Southern Drilling Corp.*, 427 F. (2d) 1118, 1126 (5th Cir.), *cert. denied*, 400 U. S. 878, 91 S. Ct. 118, 27 L. Ed. (2d) 115 (1970) ( "[O]verleniency [in the imposition of sanctions] is to be avoided where it results in inadequate protection of discovery." ); C. Wright, *The Law of Federal Courts* § 90 at 596 (4th ed. 1983) ( "Without adequate sanctions, the procedure for discovery would be ineffectual." ); *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U. S. 639, 643, 96 S. Ct. 2778, 2781, 49 L. Ed. (2d) 747 (1976) (dictum) ( "[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." ).

■ The sanction imposed in the instant case did no more than minimally enrich the county tax coffers. The rights of discovery provided by the Rules were not protected in any way. Neither was Ms. Downey accorded the rights of discovery provided by the Rules, nor was the sanction imposed against Mr. Dixon a meaningful deterrent to those who might fail to submit to discovery in the future. (It is perfectly obvious that few, if any, litigants would

willingly submit to the discovery provided by the Rules if the alternative were simply paying \$50.)[2]

We reject the argument that the judgment should not ██ be reversed because it does not appear Ms. Downey was surprised by the fact Mr. Dixon testified at trial. Of course, Ms. Downey could have anticipated that Mr. Dixon was going to testify at trial. (This was undoubtedly why she propounded the interrogatories and sought to take his deposition.) However, there is no indication she knew what he was going to say when he testified. An abiding maxim of the successful trial lawyer, like the motto of the Boy Scouts, is "Be Prepared." *See* I. Younger, *The Art of Cross-Examination* 23 (A.B.A. Section of Litigation Monograph Series No. 1, 1976) ("The fourth commandment is that you must be prepared. On cross-examination, you should *never* ask a question to which you do not already know the answer.").[3] The rights of discovery provided by the Rules give the trial lawyer the means to be prepared for trial. Where these rights are not accorded, prejudice must be presumed and, unless the party who has failed to submit to discovery can show a lack of prejudice, reversal is required.

For these reasons, the judgment for Mr. Dixon and Mr. Starnes is reversed and the case is remanded for a new trial.

Reversed and remanded.[4]

GARDNER and GOOLSBY, JJ., concur.

---

[2] Indeed, it can be argued that the sanction imposed in the instant case tended to encourage, rather than discourage, noncompliance with the Rules.

[3] *Cf.* William "Green Bar Bill" Hillcourt ("Author, Naturalist, World Scouter"), *Official Boy Scout Handbook* 9 (9th ed. 1986) ("The *Scout motto* is 'Be Prepared'—prepared to take care of yourself and to help people in need.")

[4] This opinion should not be read to require that the specific sanctions sought by Ms. Downey must be imposed against Mr. Dixon. *See Moran v. Jones*, 281 S. C. 270, 276, 315 S. E. (2d) 136, 139 (Ct. App. 1984) ("Exclusion of a witness is a sanction which should never be lightly invoked."). It may very well be that Ms. Downey can have her interrogatories answered and be given the opportunity to take the deposition of Mr. Dixon before the new trial takes place.