## 1690

HILTON HEAD BEACH AND TENNIS RESORT, Ocean Villas Horizontal Property Regime Council of Co-Owners, Hilton Head Beach and Tennis Resort, Tennis Villas Horizontal Property Regime Council of Co-Owners, Hilton Head Beach and Tennis Resort, Admiral's Row Horizontal Property Regime Council of Co-Owners, Appellants v. SEA CABIN CORPORATION, Columbia Management Corporation, US Capital Corporation, Resort Investment Corporation a/k/a/ Resort Development Corporation, Donald R. Tomlin, Jr., L.F. Rossignol, III, Don Williams, Coker Builders, Inc., Comprehensive Architects, Architectural Design Associates, Dixie Wood Preserving Co., Inc., and Hoover Universal, Inc., Defendants, US Capital Corporation, Resort Investment Corporation a/k/a/ Resort Development Corporation, and Donald R. Tomlin, Jr., Cross-Claimants, Coker Builders Inc., Comprehensive Architects, Architectural Design Associates, and Hoover Treated Wood Products, Inc., f/k/a Hoover Universal, Inc. and f/k/a Dixie Wood Preserving Co., Inc., Defendants in Cross-Claim. US CAPITAL CORPORATION, Resort Development Corporation, and Donald R. Tomlin, Jr., Third Party Plaintiffs v. ST. PAUL FIRE & MARINE INSURANCE CO., Sea Cabin Corporation, and Columbia Management Corporation, Third Party Defendants, of which Hoover Universal, Inc., and Dixie Wood Preserving Co., Inc., are, Respondents.

(409 S.E. (2d) 434)

Court of Appeals

*Warren C. Powell, Jr.,* of *Bruner & Powell,* Columbia, *for appellants.*

*Aubrey R. Alvey,* of *Barnwell, Whaley, Patterson & Helms,* Charleston, *for respondents.*

Heard June 3, 1991.

Decided Sept. 9, 1991.

Rehearing Denied Oct. 3, 1991.

CURETON, Judge:

The appellants appeal the denial of their motion for a new trial based upon the improper admission of documentary evidence. We reverse and remand for a new trial.

The appellants are the co-owners of three horizontal property regimes which comprise the complex known as the Hilton Head Island Beach and Tennis Resort (Resort). The respondents, Hoover Universal Inc. and Dixie Wood Preserving Inc., are suppliers of fire retardant lumber. Dixie is now a subdivision of Hoover and they are designated collectively as Hoover. This appeal concerns defects in outside stairs and

landings in the Resort complex. The defects occurred because the lumber used in the stairs and landings was not suitable for exterior use. Resort claims Hoover did not adequately warn it that the lumber in question could not be used for exterior use.[1] On the other hand, Hoover alleges its warnings and notices were indeed adequate and Resort's use of the lumber for exterior purposes was the result of the failure of the architect and general contractor to order the proper product.

During the last day of the defense case, Hoover sought to introduce a copy of a gummed paper label which it claims was on the lumber supplied to Resort. Resort objected because the label had not been produced during discovery. The label identifies the product as "Interior Fire-X." Hoover claims this label would have been on the lumber in addition to and ink grade stamp which stated "Fire-X, pressure treated, Hoover Universal, Thompson, Georgia." Resort asserts the paper label is of compelling importance because witnesses testified the term "pressure treated" usually means the lumber is suitable for exterior use. Presumably, if the lumber had the additional paper label on it the general contractor and its employees on the jobsite would have had notice and warning that the lumber was not suitable for exterior use. Resort argues the late production and introduction of the paper label prejudiced it because it was not able to investigate the label through Underwriters Laboratories to determine if the label was actually in use at the time the lumber was sold. The evidence indicates prior versions of the paper label did not contain the term "interior" but only had the term "Fire-X." The trial judge admitted the label into evidence and the jury returned a verdict for Hoover.

The admission or exclusion of evidence is a matter within the trial judge's discretion and his ruling will not be disturbed on appeal absent an abuse of that discretion and a showing of prejudice. *Bramlette v. Charter-Medical-Columbia,* 302 S.C. 68, 393 S.E.2d. 914 (1990). Hoover was added as a party to this litigation approximately fifteen months before the case was called to trial. Resort served a request for production on Hoover when the amended complaint was served. Responses

---

[1] Hoover manufactured two kinds of fire retardant lumber. Only one type was suitable for exterior application.

were provided some eleven months later. Hoover does not argue the request did not require the label to be produced. Hoover contends, however, Resort pushed the case to trial over its objection before discovery was complete. The case had apparently been set for trial during July but the trial court moved the trial to May. Hoover also argues the possible existence of the label only came to light during a deposition of one of its employees two weeks before trial.[2] Hoover claims efforts were made to locate the label but it only appeared during the defense portion of the trial.

Exclusion of testimonial or documentary evidence offered by a party is a remedy available to a trial court for the party's failure to comply with discovery. Rule 37, SCRCP. This case is similar to this court's prior opinion of *Downey v. Dixon,* 294 S.C. 42, 362 S.E. (2d) 317 (Ct. App. 1987). In *Downey* we held the trial court erred in fining a defendant but allowing him to testify at trial when the defendant had not answered interrogatories or appeared for a scheduled deposition. This court recognized the rights of discovery contained in the civil procedure rules provide the trial lawyer with the means to be prepared for trial. *Id.* at 46, 362 S.E. (2d) at 319. By failing to produce the label until the final day of trial Hoover denied Resort the opportunity to be fully prepared for trial.

Hoover argues Resort is responsible because it knew discovery was not complete. We disagree. Resort served a request for production many months before trial. Hoover's apparent failure to discover the document within its own organization until the last day of trial provides no basis for penalizing Resort for its eagerness to get its case tried.[3] The document was directly related to the issue of notice. It is plausible Resort would have wanted to investigate the label before trial since previous labels did not carry the word "interior" and were undated.

The decision of the trial court is reversed and remanded for a new trial. Like *Downey,* this opinion should not be read to

---

[2] The possibility of the existence of this label first surfaced at the deposition of one of Hoover's officers two weeks prior to trial. At that time, the officer agreed to produce the label, if indeed there was one.

[3] We also note that approximately two weeks prior to trial, Resort's attorney moved to compel discovery. At that time, Hoover's counsel agreed to comply with Resort's earlier request to produce.

require the exclusion of the label at a subsequent trial. However, Resort should be given the opportunity to investigate the label in a timely manner.

Reversed and remanded.

SANDERS, C.J., and LITTLEJOHN, Acting Judge, concur.