495 S.E.2d 213

**Rose Marie SAMPLES, Appellant,**

v.

**Vincent Louis MITCHELL, Respondent.**

**No. 2747.**

Court of Appeals of South Carolina.

Submitted Oct. 8, 1997.

Decided Nov. 3, 1997.

Refiled Dec. 19, 1997.

106

Joseph S. Lyles, of Howard, Howard, Francis & Reid, Greenville, for appellant.

Amy M. Snyder and Boyd B. Nicholson, Jr., both of Haynsworth, Marion, McKay & Guerard, Greenville, for respondent.

CONNOR, Judge:

Rose Marie Samples moved for a new trial after she received an unfavorable jury verdict. The trial court denied her motion. She appeals. We reverse and remand for a new trial.

## FACTS

Vincent Louis Mitchell rear-ended Samples in April 1990. Mitchell admitted negligence, but contested proximate cause and damages. On April 12 and 15, 1993, Mitchell's investigator filmed a video which showed Samples removing laundry from a clothesline, watching a ball game, and using her left hand to open a gate.

Two months later, on June 10, 1993, Samples served Mitchell with standard interrogatories. Mitchell's attorney first answered the interrogatories on July 13, 1993, and subsequently sent a second set of answers on November 17, 1993. In neither did she disclose the existence of the video tape nor the name of the investigator as a potential witness.

On October 24, 1995, a week before trial, Mitchell's lawyer deposed Samples' mother, June Marie Moser, *de bene esse,* because she would not be available at trial. Mitchell's attorney specifically questioned Moser about Samples' ability to hang out clothes, to attend her children's sporting events, and to use the left side of her body. Immediately after the deposition, Mitchell's lawyer told Samples' lawyer about the video. That afternoon she sent him a copy.

At trial Samples' lawyer offered Moser's deposition into evidence. Subsequently, Mitchell's attorney offered the video tape, and Samples' attorney objected. The trial judge allowed the video tape over Samples' objection, but refused to allow the investigator to interpret it.

## ANALYSIS

Mitchell argues in a footnote Samples failed to preserve her argument concerning the video because her counsel failed to object immediately prior to the introduction of the video tape.

Making a motion *in limine* to exclude evidence at the beginning of trial does not preserve an issue for review because a motion *in limine* is not a final determination. The moving party, therefore, must make a contemporaneous objection when the evidence is introduced. *State v. Simpson,* 325 S.C. 37, 479 S.E.2d 57 (1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 2460, 138 L.Ed.2d 217 (1997).

■ Despite the fact the judge in this case called the motion one *in limine,* he ruled on it during the trial, immediately prior to the introduction of the evidence in question. Our court has held:

Because no evidence was presented between the ruling and [the] testimony, there was no basis for the trial court to change its ruling. Thus, ... [the] motion was not a motion *in limine.* The trial court's ruling in this instance was in no way preliminary, but to the contrary, was a final ruling. Accordingly, [the defendant] was not required to renew her objection to the admission of the testimony in order to preserve the issue for appeal.[1]

*State v. Mueller,* 319 S.C. 266, 268–69, 460 S.E.2d 409, 410 (Ct.App.1995).

Here no opportunity existed for the court to change its ruling. Therefore, the issue was properly preserved for review.

■ We next inquire whether or not the surveillance video was discoverable evidence. Mitchell first claims the video was not discoverable because the standard interrogatory asked for photographs, not video tapes. The South Carolina Rules of Evidence clearly define photographs in evidentiary matters to include video tapes. Rule 1001(2), SCRE (" 'Photographs' include still photographs, X-ray films, video tapes, motion pictures or other similar methods of recording information."). These rules became effective September 3, 1995. Rule 1103(b), SCRE. Therefore, they were clearly in effect when this case was tried on October 30–31, 1995.[2]

■ Mitchell's lawyer further alleges she did not have to disclose the tape because she did not believe it related to Mitchell's defense. If the tape related to the claim, Mitchell

---

**1.** We also note the trial judge's statement that "the evidence will come in over the objection of the plaintiff," as further indication the proceedings are more accurately characterized as a contemporaneous objection and ruling, not a motion *in limine.*

**2.** The court is aware the definition applies to Article X of the Rules of Evidence. We point to the rule, however, as persuasive authority the terms "video tape" and "photograph" are understood to be synonymous in the trial arena.

had a duty to at least disclose the existence of it. Rule 26(b)(1), SCRCP. In South Carolina the scope of discovery is very broad and "an objection on relevance grounds is likely to limit only the most excessive discovery request." J. Flanagan, *South Carolina Civil Procedure* 216 (2d ed.1996).

Although the specific question of the discovery of surveillance videos has never been raised in South Carolina, it has been dealt with elsewhere. Professor Moore comments:

This question seems to arise most often when the defendant in a personal injury case has videotaped or collected some other visual evidence of the plaintiff after the accident to impeach the plaintiff on the extent of his or her injuries. Discovery of the evidence is generally permitted.

6 James Wm. Moore et al., *Moore's Federal Practice*, § 26.41[4][b] (3d ed.1997).

Many states that have wrestled with the question have held at least the existence of the video tape must be revealed in response to discovery requests. Florida has held "upon request a party must reveal the existence of any surveillance information he possesses whether or not it is intended to be presented at trial." *Dodson v. Persell*, 390 So.2d 704 (Fla. 1980). Similarly, the Supreme Court of Appeals of West Virginia reasoned, "[k]nowledge of the mere existence of this tape would have substantially contributed to the quality of the plaintiffs' trial strategy and their specific preparation of their star witness...." *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788, 796 n. 9 (1995).

Given the broad interpretation of relevancy by our courts, a defendant's surveillance video of the plaintiff was clearly relevant to a personal injury claim in which negligence was admitted and damages were contested. A review of the record makes it clear Mitchell's counsel found the video useful in drafting her questions for Moser, yet she denied this benefit to Samples' counsel. Furthermore, in this case, Mitchell failed to disclose even the existence of the video tape, thereby providing an inaccurate response to Samples' interrogatories.[3]

---

**3.** *Cf.* Rule 26(g), SCRCP ("The signature of the attorney or party constitutes a certification in accordance with Rule 11."); Rule 11, SCRCP ("If a pleading, motion, or other paper is signed in violation of this Rule, the court, upon motion or upon its own initiative, may

Some states have discussed whether or not surveillance tapes which will not be introduced at trial constitute work product. 6 James Wm. Moore et. al., *Moore's Federal Practice,* § 26.41[4][b] (3d ed. 1997). The tape in this case, however, was admitted into evidence, and Mitchell has never claimed protection under the work product rule.

Furthermore, the work product rule would not excuse the failure to disclose the existence of the video tape here. If Mitchell's attorney believed Samples had no right to this evidence, either because of relevancy or because of the work product rule, she should have either objected to the interrogatory or disclosed the existence, but not the content, of the evidence and moved for a protective order.[4] Rule 33(a), SCRCP; Rule 26(c), SCRCP.[5]

Having determined Mitchell's conduct was sanctionable, we must now decide if the trial judge abused his discretion in choosing a sanction. *Jackson v. H. & S. Oil Co., Inc.,* 263 S.C. 407, 211 S.E.2d 223 (1975); *Laney v. Hefley,* 262 S.C. 54, 202 S.E.2d 12 (1974); *Downey v. Dixon,* 294 S.C. 42, 362 S.E.2d 317 (Ct.App.1987).

---

impose upon the person who signed it, a represented party, or both, an appropriate sanction ...").

**4.** Mitchell argues admitting the video into evidence was necessary to avoid allowing the statements of Moser to go uncontradicted. According to Mitchell, this promoted discovery's goal of reaching the truth. At the heart of this argument is the question of whether or not the contents of a surveillance video should be protected from discovery until the witness has been deposed in order to safeguard the defendant's ability to impeach the witness on cross examination. That question is not properly before us. Because Mitchell's attorney failed to disclose the video's existence and move for a protective order covering its contents under this theory, the trial judge was never afforded an opportunity to rule on this issue. *Townsend v. City of Dillon,* 326 S.C. 244, 486 S.E.2d 95 (1997) ("This issue was not ruled on by the trial judge and, therefore, is not preserved for appeal.").

**5.** The South Carolina Rules of Civil Procedure were amended in 1996 to expressly require the disclosure of the nature of evidence prior to any claim of privilege so other parties may assess the applicability of the privilege or protection. Rule 26(b)(5), SCRCP. This rule was not in effect at the time of this trial. However, reading rules 26, 33 and 11 together as they were at the time of this trial, this court is convinced the rules never permitted an attorney to deny the existence of evidence deemed privileged.

■ In deciding what sanction to impose for failure to disclose evidence during the discovery process, the trial court should weigh the nature of the interrogatories, the discovery posture of the case, willfulness, and the degree of prejudice. *Laney,* 262 S.C. at 60, 202 S.E.2d at 15; *Moran v. Jones,* 281 S.C. 270, 276, 315 S.E.2d 136, 139–40 (Ct.App.1984).

■ Although the trial judge in this case correctly framed the issue as discovery abuse, he did not weigh the required factors. A failure to exercise discretion amounts to an abuse of that discretion. *Fontaine v. Peitz,* 291 S.C. 536, 538, 354 S.E.2d 565, 566 (1987) ("When the trial judge is vested with discretion, but his ruling reveals no discretion was, in fact, exercised, an error of law has occurred."); *Balloon Plantation v. Head Balloons,* 303 S.C. 152, 155, 399 S.E.2d 439, 441 (Ct.App.1990) (quoting *State v. Smith,* 276 S.C. 494, 498, 280 S.E.2d 200, 202 (1981) ("It is an equal abuse of discretion to refuse to exercise discretionary authority when it is warranted as it is to exercise the discretion improperly.")).

Mitchell argues the trial judge's decision to limit the testimony of the investigator evidences discretion. This decision in and of itself does not show the judge exercised discretion, especially where the Supreme Court has articulated the legal analysis which should be utilized. *State v. Smith,* 276 S.C. 494, 498, 280 S.E.2d 200, 202 (1981) ("[T]he mere recital of the discretionary decision is not sufficient to bring into operation a determination that discretion was exercised. It should be stated on what basis that discretion was exercised.").

Precedent reveals a more meaningful sanction was required in this case. *Cf. Baughman v. American Tel. & Tel. Co.,* 306 S.C. 101, 410 S.E.2d 537 (1991) (Plaintiffs properly responded with information known at time, and promptly notified defendant once expert's identity became known.); *Bramlette v. Charter Medical–Columbia,* 302 S.C. 68, 393 S.E.2d 914 (1990) (error to exclude witness's testimony where witness called to rebut unanticipated trial testimony, which was not revealed to other side despite specific inquiries during discovery); *Brandi v. Brandi,* 302 S.C. 353, 396 S.E.2d 124 (Ct.App.1990) (does not appear counsel willfully violated the rule by failing to supplement interrogatories when record supports witness was discovered the night before trial); *Reed v. Clark,* 277 S.C. 310,

286 S.E.2d 384 (1982) (no abuse of discretion in trial judge disallowing unexpected expert witness where no reason given why witness was not obtained until after trial had begun); *Martin v. Dunlap*, 266 S.C. 230, 235, 222 S.E.2d 8, 11 (1976) ("Respondent's counsel had no knowledge of the name of the witness ... nor the exhibits hereinafter questioned, prior to the first day of trial...."); *Jackson v. H. & S Oil Co., Inc.*, 263 S.C. 407, 411, 211 S.E.2d 223, 225 (1975) ("[N]othing in this record would support an attack on the good faith of counsel...."); *Laney v. Hefley*, 262 S.C. 54, 202 S.E.2d 12 (1974) (no wilfulness in failure to list witness in answers to interrogatories where plaintiff's lawyer did not discover witness until several days before trial); *Hilton Head Beach & Tennis Resort v. Sea Cabin Corp.*, 305 S.C. 517, 409 S.E.2d 434 (Ct.App.1991) (reversible prejudice to plaintiffs where judge admitted evidence which had not been produced pursuant to discovery request); *Moran v. Jones*, 281 S.C. 270, 276, 315 S.E.2d 136, 139–40 (Ct.App.1984) (not error to exclude witnesses where opposing counsel failed to answer interrogatories prior to trial, despite court order compelling answers; "None of the six cases on this issue decided to date by our Supreme Court have presented evidence of willfulness equivalent to that of the instant case.").

Samples' attorney served standard interrogatories, not a complex series of questions making compliance difficult. At a minimum, the existence of the tape should have been disclosed in the original answers to Samples' interrogatories, as the tape obviously related to Samples' personal injury claim. Instead, Mitchell's lawyer knew about the video tape when the interrogatories were received, yet willfully failed to reveal it to Samples or the court for some two and a half years. At the least, Mitchell's lawyer should have known the video was relevant when Moser was added as a witness and should have disclosed the video's existence to Samples' attorney prior to Moser's deposition.

The entire thrust of the discovery rules involves full and fair disclosure, "to prevent a trial from becoming a guessing game or one of surprise for either party." *State Highway Dep't v. Booker*, 260 S.C. 245, 252, 195 S.E.2d 615, 619 (1973) (quoting *Hodge v. Myers*, 255 S.C. 542, 545, 180 S.E.2d 203, 205 (1971)). Essentially, the rights of discovery

provided by the rules give the trial lawyer the means to prepare for trial, and when these rights are not accorded, prejudice must be presumed. *Downey v. Dixon*, 294 S.C. 42, 46, 362 S.E.2d 317, 319 (Ct.App.1987). Unless the party who has failed to submit to discovery can show lack of prejudice, reversal is required. *Id.* at 46, 362 S.E.2d at 319.

Even though the imposition of sanctions is usually left to the sound discretion of the trial judge, whatever sanction the judge imposes "should serve to protect the rights of discovery provided by the Rules." *Downey v. Dixon*, 294 S.C. 42, 362 S.E.2d 317 (Ct.App.1987). Overly lenient sanctions are to be avoided where they result in inadequate protection of discovery. *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir.1970), *cert. denied sub nom., Trefina v. U.S.*, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970).

As Chief Judge Sanders eloquently stated in *Downey:*

> The rights of discovery provided by the Rules were not protected in any way. Neither was Ms. Downey accorded the rights of discovery provided by the Rules, nor was the sanction imposed against Mr. Dixon a meaningful deterrent to those who might fail to submit to discovery in the future. (It is perfectly obvious that few, if any, litigants would willingly submit to the discovery provided by the Rules if the alternative were simply paying $50.). Indeed, it can be argued that the sanction imposed in the instant case tended to encourage, rather than discourage, noncompliance with the Rules.

*Id.* at 45–46, 46 n. 2, 362 S.E.2d at 318 n. 2.

The same is true in this case. Few litigants would reveal the existence of video surveillance evidence if the alternative were simply having the testimony of the investigator who filmed the video limited at trial.

In summary, in failing to exercise discretion, the trial judge abused that discretion. Furthermore, the sanction he imposed was not meaningful enough to protect the rights of discovery provided by the Rules.

Samples also appeals the trial court's refusal to grant a new trial based on the inflammatory closing argument of Mitchell. We need not reach this issue.

**REVERSED AND REMANDED.**[6]

CURETON and GOOLSBY, JJ., concur.

---

**6.** Because of the changed circumstances inherent in a new trial, we make no determination concerning the admissibility of the video in that proceeding.