THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Tony R. Snowden,       
Appellant,
 
 
 

v.

 
 
 
Nucor Steel Berkeley d/b/a Nucor Corp and Truckers Express, Incorporated,       
Defendants,
Of Whom Truckers Express, Incorporated is the       
Respondent.
 
 
 

Appeal From Berkeley County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2003-UP-011
Submitted October 22, 2002  Filed January 
 7, 2003   

AFFIRMED

 
 
 
Merrill A. Cox, of Goose Creek; Orin G. Briggs, of Lexington; 
 for Appellant
Beverly A. Carroll, of Rock Hill; for Respondent
 
 
 

PER CURIAM:  Tony Snowden brought a negligence 
 action against Nucor and Truckers Express, Incorporated (TEI).  Snowden suffered 
 injuries when his tractor-trailer overturned while being loaded with steel coil 
 at Nucors facility in Berkeley County.  The jury awarded Snowden $100,000.00 
 in actual damages.  The jury also found that Snowden was fifty percent negligent.  
 The trial judge entered judgment for Snowden in the amount of $50,000.00.  Snowden 
 appeals, arguing TEI committed discovery abuse by not seasonably disclosing 
 the existence of a witness and videotapes made by the witness.  Snowden also 
 argues the trial judge erred by not providing a more meaningful sanction and 
 allowing the introduction of the witnesss testimony and the videotapes.
FACTS/PROCEDURAL HISTORY
Prior to being granted summary judgment, [1] Nucor hired Edward Langford, a private investigator, to videotape 
 and document Snowdens daily activities.  Langford videotaped Snowdens activities 
 on July 3 and 5, 2000.  On September 14, 2000, Nucor answered Snowdens interrogatories 
 and admitted the existence of this videotape.
Trial was scheduled to begin on June 18, 2001.  
 On approximately May 12, 2001, TEI contacted Langford and hired him to conduct 
 surveillance on Snowden.  Langford conducted the surveillance on May 14-16, 
 2001, and June 13 and 15-16, 2001.  
TEI supplemented its answers to Snowdens interrogatories 
 on June 15, 2001.  TEI listed Langford as an expert witness who would testify 
 concerning his surveillance of Snowden.  TEI also revealed the existence of 
 Langfords written reports and surveillance videotapes. 
At a pretrial conference 
 and roster meeting on June 18, 2001, the trial judge delayed the trial until 
 June 25, 2001, to give Snowden a chance to deal with the issue of the videotapes.  
 At trial, Snowden objected to the introduction of the videotapes. [2] 
LAW/ANALYSIS
Snowden argues the trial judge erred by admitting 
 the videotapes and Langfords testimony given TEI violated a scheduling order 
 and the rules of discovery. [3] 
The trial judge did not explicitly find a violation 
 of the discovery rules.  However, by delaying the trial the trial judge took 
 precautions to alleviate any potential discovery abuse problems. 
 [4]   Snowden argues the alleged discovery abuse warranted the exclusion 
 of the videotapes and the private investigators testimony.  The question then 
 becomes whether the trial judges sanction  a one-week delay  was an abuse 
 of discretion, as Snowden argues. [5]   We hold the trial judge did not abuse his 
 discretion in delaying the trial where Snowden did not allege any prejudice 
 and did not move for a continuance.    
Snowden contends Samples v. Mitchell, 329 
 S.C. 105, 495 S.E.2d 213 (Ct. App. 1997), is on point with the present situation.  
 In Samples, the defendants discovery conduct was sanctionable because 
 the defendant did not reveal the existence of a videotape of the plaintiff until 
 one week before trial.  The defendant knew of the videotape for two and a half 
 years without disclosing its existence and used the videotape to draft deposition 
 questions.  The trial judge in Samples admitted the videotape but did 
 not allow the investigator to interpret it.  This Court held the trial judges 
 sanction was not meaningful enough to protect the rights of discovery.  Id. 
 at 114, 495 S.E.2d at 218.  
Here, the trial judges sanction was meaningful enough 
 to protect Snowdens rights and was not an abuse of discretion warranting a 
 new trial.  See Griffin Grading and Clearing, Inc. v. Tire Serv. Equip. 
 Mfg. Co., 334 S.C. 193, 511 S.E.2d 716 (Ct. App. 1999) (stating a trial 
 judges selection of a sanction for discovery violations is within his discretion 
 and will not be interfered with unless the trial judge abused that discretion); 
 Halverson v. Yawn, 328 S.C. 618, 493 S.E.2d 883 (Ct. App. 1997) (stating 
 an abuse of discretion in imposing sanctions may be found where the trial judges 
 decision was without reasonable factual support and resulted in prejudice to 
 the appellant, thereby amounting to an error of law).  TEI had not hidden the 
 existence of the videotapes for years as in Samples. Nor is there any 
 evidence TEI used the videotapes to draft deposition questions.  In fact, TEI 
 did not depose any witnesses after hiring the investigator. 
 [6]   By delaying the trial, Snowden had the opportunity to view the videotapes 
 and depose the private investigator.  
Furthermore, Snowden did not move for a continuance 
 and did not demonstrate prejudice.  The failure to move for a continuance demonstrates 
 a lack of prejudice to Snowden.  Snowden alleges on appeal the one-week delay 
 was meaningless and amounted to prejudice because Snowden could have engaged 
 the services of medical and vocational experts to review the videotapes had 
 the witnesss information been disclosed sooner.  At trial, Snowden did not 
 allege any prejudice and did allege he would have further deposed his witnesses 
 or employed additional experts.
CONCLUSION
For the foregoing reasons, 
 the trial judges decision to admit the videotapes and the investigators testimony 
 was not an abuse of discretion and is 
 AFFIRMED.
CONNOR, STILWELL, and HOWARD, 
 JJ., concur.

 
 
 [1]    The trial judge granted summary judgment to Nucor on September 
 21, 2000. 

 
 
 [2]   Snowden asserts he made a motion in limine during the pretrial 
 conference to exclude Langfords testimony and the introduction of the videotapes.  
 The pretrial conference was not memorialized.  The trial judge later placed 
 his pretrial ruling on the record during the following colloquy:
 
 [Snowdens counsel]:  Our 
 argument based upon the Samples case is that we had absolutely no knowledge 
 that this defendant intended to call this witness until ten days before this 
 trial.  And I know the Court has ruled on that, and Im not trying to reargue 
 it.  But Im just trying to make the court understand why we felt like the 
 discovery issue was still an issue, Your Honor.
 The Court:  Yes, sir, and 
 I understand.  The Court finds that, you know, the disclosure question both 
 counsel have argued when it was disclosed and so forth.  The only thing I 
 can say is that we had a hearing, pretrial conference, on this matter ten 
 days or so ago and that we continued the case for a week in part based on 
 any questions or concerns about it.  I believe that the adequate disclosure 
 has been made in a sufficient amount of time to deal with the issue by the 
 plaintiff, if there was anything that you wanted to do about it.
 

 
 
 [3]    Insofar as Snowden argues TEI violated a scheduling order, this 
 issue is not preserved for review.  The record does not indicate Snowden ever 
 raised this issue with the trial judge in arguing against the admission of 
 the evidence.

 
 
 [4] See Rule 26(e), SCRCP (            a party is under a duty 
 seasonably to supplement his response with respect to any question directly 
 addressed to (1) the identity and location of persons having knowledge of 
 discoverable matters, and (2) the identity of each person expected to be called 
 as an expert witness at trial, the subject matter on which he is expected 
 to testify, and the substance of his testimony.).  TEI employed the investigator 
 one month prior to trial but did not disclose his existence until three days 
 prior to trial.  TEI asserts it listed the investigators name after reviewing 
 the videotapes and determining that it would submit the videotapes at the 
 trial.            

 
 
 [5]   Snowden frames the issue on appeal as follows:  Because the trial 
 court failed to sanction the Respondents violation of the rules of 
 discovery and the pretrial order, it abused its [sic] discretion.  (emphasis 
 added).  However, a close analysis of Snowdens argument reveals Snowden actually 
 focuses on whether the trial judge erred by not imposing more meaningful sanctions 
 given Snowden admits the trial courts only sanction was the one-week continuance.

 
 
 [6]    In his brief, Snowden alleges TEI had the advantage of knowing 
 the contents of the surveillance tapes when it agreed to deposing Snowdens 
 medical expert de bene esse.  Snowdens medical expert was deposed 
 on June 14, 2000.  The private investigator did not produce a videotape until 
 at least July 3, 2000.