# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Jimmy A. Richardson, II, Solicitor for the Fifteenth
Judicial Circuit, on Behalf of the 15th Circuit Drug
Enforcement Unit, Respondent,

v.

Twenty-One Thousand and no/100 Dollars ($21,000.00)
U.S. Currency and Various Jewelry, Defendant Property,
and Marvin Joshua White, Appellant.

Appellate Case No. 2017-002365

———————————

Appeal From Horry County
Cynthia Graham Howe, Master-in-Equity

———————————

Opinion No. 5732
Submitted May 8, 2020 – Filed June 17, 2020

———————————

## REVERSED AND REMANDED

———————————

Ralph James Wilson, Jr., of Ralph Wilson Law PC, of
Conway, for Appellant.

James Richard Battle, II, of Battle Law Firm, LLC, of
Conway, for Respondent.

———————————

**HILL, J.:**  After receiving information alleging Marvin Joshua White stored cash
he made from selling cocaine in a Wells Fargo safe deposit box, the Drug
Enforcement Unit (DEU) of the Fifteenth Circuit Solicitor's Office (Solicitor)
obtained a search warrant for the box.  Upon searching the box, the DEU discovered,
among other items, $21,000.00 in cash and some jewelry.  The Solicitor initiated this

civil forfeiture action pursuant to sections 44-53-520 to- 40 of the South Carolina Code (2017).  Following a bench trial, the trial court issued an order forfeiting the cash and jewelry.  White now appeals, asserting the trial court abused its discretion in failing to sanction the Solicitor for not responding to White's discovery requests. We reverse the trial court's order and remand for a new trial after adequate opportunity for discovery.

## I.  FACTS

The Solicitor brought this forfeiture action on May 19, 2015.  White answered on June 18, 2015.  According to a certificate of service, White served the Solicitor with interrogatories and a request for production on August 3, 2015.  White's first four interrogatories mirrored standard ones authorized by Rule 33(b) of the South Carolina Rules of Civil Procedure, which in essence ask the other side to list their proposed fact and expert witnesses, list documents that relate to the claim or defense, provide any witness statements, and provide a summary of the witnesses' expected testimony.  White also asked five additional interrogatories tailored to the forfeiture claim. White's request for production asked for disclosure of any photographs, videos, witness statements, and documents related to the Solicitor's allegations.

White never received a formal discovery response from the Solicitor.  The case was referred by consent to the master-in-equity, and a bench trial was held December 6, 2016.  When the trial began, White asked for a continuance and to substitute his current counsel, Ralph Wilson, Jr., with Thurmond Brooker.  The trial court explained it would grant White's motion to substitute counsel but would not continue the trial.  Brooker, however, did not feel comfortable representing White in the absence of a continuance to allow him to prepare for trial.  In light of the circumstances, White chose to keep Wilson.

White then asked the trial court to exclude the Solicitor's witnesses and exhibits because the Solicitor had not disclosed them in response to White's discovery requests.  White explained the only documents he had received from the Solicitor consisted of three documents related to White's federal charges the Solicitor had emailed him the week before trial.  The Solicitor explained he had never seen White's discovery requests and was not aware of them until the day of the trial.  After listening to both sides, the trial court stated, "I believe [White's counsel's] paralegal that she mailed [the discovery request].  I believe [the Solicitor] when he says he didn't get it.  I don't disbelieve either one of you."  The trial court asked White why he did not file a Rule 37, SCRCP, motion to compel or otherwise inform the Solicitor he had not received discovery.  White replied he had no obligation to file a motion to compel as the burden was on the Solicitor to respond, and the correct remedy for

failure to respond to discovery was to exclude the evidence. The trial court disagreed:

> I'm going to go ahead and allow the case to go forward. . . . I don't know what to do in a case like this when [the Solicitor] has, as an officer of the court, said he never received the discovery request. . . . [A]nd I've got a certificate of mailing that says that [White] sent the document request. Then no motion to compel was ever made where this could have been straightened out. I don't know what else to do but allow the case to go forward.

The trial proceeded. During its case-in-chief, the Solicitor presented photographs, warrants, cell-phone videos, and the testimony of a DEU agent—none of which had been disclosed in discovery. At the conclusion of the trial, the trial court took the case under advisement and later filed an order forfeiting the $21,000 and jewelry.

## II. DISCUSSION

### A. Rule 37, SCRCP

The text of Rule 37, SCRCP, tells us a party does not need to file a motion to compel to request a sanction for another party's failure to answer a properly served discovery request. A party served with written discovery has a duty to answer it, unless the party objects based on a stated reason or moves for a protective order. *See* Rules 26(c), 33(a), and 34, SCRCP; *CFRE, LLC v. Greenville Cty. Assessor*, 395 S.C. 67, 83, 716 S.E.2d 877, 885 (2011) ("An affirmative duty does exist to answer interrogatories and respond to requests to produce."). If no answer, objection, or motion is received, the discovering party may—but is not required to—move for a court order compelling discovery. Rule 37(a)(2), SCRCP. The discovering party may also make such a motion if it believes, in good faith, the answers it has received are incomplete or the objections improper. *Id*.; Rule 37(a)(3), SCRCP. The court may then issue an order compelling discovery; if the order is not obeyed, the court may take appropriate action, including imposing sanctions pursuant to Rule 37(a) and (b), SCRCP. But if a party simply fails to respond to discovery, the discovering party need not proceed under Rule 37(a) and (b); instead a remedy awaits in Rule 37(d), which allows "the court . . . on motion" to "make such orders in regard to the failure as are just." Rule 37(d), SCRCP. The sanctions authorized by Rule 37(d) are therefore available even to a discovering party who has not spoken up about his adversary's silence. As we explained in *Downey v. Dixon*:

Rule 37(b) provides sanctions for the violation of an order of the Court to provide or permit discovery. Rule 37(d), on the other hand, provides for sanctions against a party who fails to answer interrogatories or attend his own deposition. The distinction between the two subdivisions is that there must be an order of the Court before sanctions are imposed under subdivision (b), while under subdivision (d) a party may move directly for the imposition of sanctions. *See* H. Lightsey & J. Flanagan, *South Carolina Civil Procedure* 316 (1985) ("[Under Rule 37(d) ] sanctions may be imposed without obtaining an order compelling discovery . . . ."); 4A J. Moore, J. Lucas & D. Epstein, *Moore's Federal Practice* § 37.05 at 37–100 (2d ed. 1984) (addressing the comparable Federal Rule: "In short, if the party from whom discovery is sought complies with the rule in question by making the initial response, he has a right to refuse discovery until compelled by court order, subject to the expenses of determining the justification of his refusal; but if he does not comply with the rule, he is subject to the sanctions set forth in Rule 37(d)."); 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2291 at 807 (1970) (addressing the comparable Federal Rule: "No court order is required to bring Rule 37(d) into play.").

294 S.C. 42, 44 n.1, 362 S.E.2d 317, 318 n.1 (Ct. App. 1987) (alterations in original).

Rule 37(d), SCRCP, therefore empowered White with the right to request sanctions against the Solicitor for failing to respond to White's discovery requests without first filing a motion to compel. *Id.* at 44, 362 S.E.2d at 318; *Callen v. Callen*, 365 S.C. 618, 627, 620 S.E.2d 59, 63–64 (2005) (finding trial court has duty to delay trial to determine whether exclusion of an undisclosed witness is appropriate, "regardless whether the proponent of the testimony is allegedly in violation of a pre-trial order or a court rule").

## B. <u>Discovery Remedies</u>

Having decided White had the right to request sanctions, we next address whether the trial court abused its discretion in refusing to impose them and allowing the trial

to proceed. A court must consider four factors when determining the appropriate discovery sanction: the nature of discovery sought, the discovery stage of the case, willfulness, and the degree of prejudice. *CFRE, LLC*, 395 S.C. at 82, 716 S.E.2d at 885. If the court does not consider these factors, an abuse of discretion occurs. *Teseniar v. Prof'l Plastering & Stucco, Inc.*, 407 S.C. 83, 94, 754 S.E.2d 267, 273 (Ct. App. 2014).

In *Downey*, we examined the prejudice prong of a discovery sanction:

> An abiding maxim of the successful trial lawyer, like the motto of the Boy Scouts, is "Be Prepared" . . . . The rights of discovery provided by the Rules give the trial lawyer the means to be prepared for trial. Where these rights are not accorded, prejudice must be presumed and, unless the party who has failed to submit to discovery can show a lack of prejudice, reversal is required.

294 S.C. at 46, 362 S.E.2d at 319 (citations omitted). White argued the Solicitor's failure to respond to discovery was prejudicial, amounting to a trial by ambush. The Solicitor countered it was ambushed by White's failure to file a motion to compel. The trial court agreed with the Solicitor, characterizing White's position as "not exactly how it works in circuit court." The trial court denied White's motion for sanctions and allowed the trial to proceed without examining the prejudice to White. We appreciate the trial court's dilemma. The trial court (no doubt feeling ambushed itself) may have believed it had only two choices: grant White's motion to exclude the Solicitor's evidence, which would have rewarded White's strategic silence, or deny it, rewarding the Solicitor's alleged discovery violation. But there was a third way: calling a cease fire to give the Solicitor time to reveal evidence responsive to White's discovery, thereby allowing White to assess its strength and, if necessary, reconsider his trial strategy. Discovery can spark settlement, and parties often cannot fully explore settlement without a chance for full discovery. A continuance would have been a rational way out of the dilemma, particularly given the dispute over whether the Solicitor had received White's discovery request.

The use of a continuance as a remedy in similar discovery situations has long been endorsed. *See Callen*, 365 S.C. at 627, 620 S.E.2d at 63–64 (holding trial court has duty to delay trial to determine whether exclusion of undisclosed witness is appropriate); *Jumper v. Hawkins*, 348 S.C. 142, 149, 558 S.E.2d 911, 915 (Ct. App. 2001) ("[T]he trial court is under a duty, when the situation arises, to delay the trial for the purpose of ascertaining the type of [undisclosed] witness involved and the

content of his evidence, the nature of the failure or neglect or refusal to furnish the witness' name, and the degree of surprise to the other party, including prior knowledge of the name by said party." (quoting *Laney v. Hefley*, 262 S.C. 54, 59–60, 202 S.E.2d 12, 14 (1974))). The trial court abused its discretion by not delaying the trial to scrutinize the nature of the undisclosed discovery, the prejudice to White, and the need to stay the trial until discovery could finish. A court that does not use discretion—or recognize it has discretion—when discretion exists commits an error of law. *See Callen*, 365 S.C. at 627, 620 S.E.2d at 64. The prejudice to White is presumed, and the Solicitor has not overcome the presumption. *Downey*, 294 S.C at 46, 362 S.E.2d at 319.

We reverse the trial court's forfeiture order and remand to allow discovery to be completed before a new trial. On remand, the trial court may also revisit White's sanction motion if necessary. *See Callen*, 365 S.C. at 627, 620 S.E.2d at 64 ("We do not mean to imply that the family court is precluded from admitting the same testimony at the new hearing. We hold only that the court's failure to exercise discretion below requires the new hearing."); *Downey*, 294 S.C. at 46 n.4, 362 S.E.2d at 319 n.4.

Because our holding regarding discovery sanctions is dispositive and grants a new trial, we have no need to address White's remaining issues. We decide this case without oral argument. Rule 215, SCACR.

**REVERSED AND REMANDED.**

**WILLIAMS and KONDUROS, JJ., concur.**