1051

PIONEER ELECTRONICS (USA) INC., Respondent v. Jesse S. COOK, III, and Russell Brandon, Defendants, of whom Russell Brandon is the Appellant. Appeal of Russell BRANDON.

(363 S. E. (2d) 112)

Court of Appeals

George J. Morris, of Morris, Duffy & Boone, Charleston, for appellant.

James G. Longtin, of Ackerman, Woodard & Butler, Walterboro, for respondent.

Submitted Oct. 21, 1987.

Decided Nov. 23, 1987.

SHAW, Judge:

Respondent, Pioneer Electronics (USA) Inc., hereinafter Pioneer, filed suit against appellant, Russell Brandon, and Jesse S. Cook, III. Brandon appeals a dismissal of the action by way of voluntary non-suit without prejudice. We affirm.

Pioneer sued Brandon seeking judgment for an alleged indebtedness, interest and attorney's fees together with costs of the action. Brandon answered the complaint and served Interrogatories on Pioneer dated January 5, 1986. Pioneer provided responses to Brandon's Interrogatories dated February 6, 1986 wherein Pioneer listed one Louis Lopez, Jr. as its primary witness. No other witnesses were listed by Pioneer. At trial, Pioneer called one Leola T. Olson as its only witness. Brandon objected to this witness asserting he had prepared for trial on the basis of the affidavit and verified complaint prepared by the named witness, and claimed prejudice by the inclusion of testimony of a witness whose identity had not been disclosed before trial. Brandon made a motion to dismiss the suit. The trial judge denied that motion, granting a voluntary non-suit without prejudice on its own motion.

Brandon contends the trial judge erred in failing to dismiss the suit with prejudice arguing the judge abused his discretion. He claims he will be prejudiced if Pioneer is allowed to file suit again requiring him to again defend the action and prepare for trial

Rule 37 of the South Carolina Rules of Civil Procedure governs failure to make or cooperate in discovery and provides possible sanctions for such failure. Rule 37(d) S.C.R.C.P. provides in part:

> If a party ... fails to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories ... the court in which the action is pending on motion *may make such orders* in regard to the failure *as are just,* and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. (emphasis added.)

One of the actions authorized under 37(b)(2)(C) is the dismissal of the action, however this is not mandatory. The court is allowed to make such orders as it deems just under the circumstances and the selection of a sanction is discretionary with the court. See H. Lightsey, J. Flannagan, *South Carolina Civil Procedure* 340 (1985). Rule 37 S.C.R.C.P. is the language of the Federal Rule with minor changes. (See Reporter's Note to Rule 37 S.C.R.C.P.) Rule 37(d) S.C.R.C.P. id identical to its Federal counterpart. In the case of *Hazen v. Pasley,* 768 F. (2d) 226, 229 (8th Cir. 1985), the United States Court of Appeals held:

> Fed. R. Civ. P. 37(d) authorizes a district court to impose various sanctions, including entry of default, on a party failing to appear for deposition or failing to respond to interrogatories. The district court is afforded great latitude in imposing sanctions for failure to comply with discovery orders; the Court of Appeals will not reverse the district court in the absence of a clear abuse of discretion.

Likewise, this court will not reverse our lower court's decision as to an imposition of sanctions under Rule 37(d) absent a clear abuse of discretion.

The evidence in the record indicates Pioneer's intended witness, Lopez, had to appear in a court proceeding in another state that same day. Pioneer's attorney informed the trial judge he had learned of the change in witnesses only the day before the trial and orally notified Brandon's coun-

sel when he found out about the change. He further informed the judge witness Olson would testify the same as Lopez. In *Hazen,* the U. S. Court of Appeals upheld the district court's decision to refuse to impose any sanction for failure to comply with that court's discovery order. In the instant case, the trial judge had the same authority to deny any sanctions, as long as it was just. However, he did impose a sanction dismissing the case without prejudice. While this is a lighter sanction than Brandon is seeking, we cannot say, under the circumstances, the trial judge abused his discretion in failing to grant Brandon's motion to dismiss.

Affirmed.

BELL and CURETON, JJ., concur.