489 S.E.2d 679

**Paul KARPPI, d/b/a P/C Technology, Respondent,**

v.

**GREENVILLE TERRAZZO CO., INC.,**
**and Ogden Teck, Inc., Defendants,**

**of whom Greenville Terrazzo Co., Inc. is Respondent,**

**and of whom Ogden Teck, Inc. is Appellant.**

No. 2695.

Court of Appeals of South Carolina.

Heard June 3, 1997.

Decided June 30, 1997.

Robert C. Wilson, Jr., Greenville, for appellant.

Roy F. Harmon, III, Greenville, for respondent Paul Karppi.

Larry N. Briggs, Greenville, for respondent Greenville Terrazzo Co., Inc.

HOWELL, Chief Judge:

The trial court struck the pleadings of Ogden Teck, Inc. and ordered it in default as a sanction for failing to comply with discovery orders. Ogden Teck appeals. We reverse and remand.

## I.

Respondent, Paul Karppi d/b/a P/C Technology (Karppi), brought this action in June 1995 against Appellant Ogden Teck, and its co-defendant, Greenville Terrazzo Co., Inc. (Terrazzo). Karppi's complaint alleges various causes of action arising from Karppi's purchase from Terrazzo of floor covering material that was manufactured by Ogden Teck. Terrazzo and Ogden Teck denied liability, and Ogden Teck filed a counterclaim against Karppi, as well as a cross-claim against Terrazzo.

In February 1996 Karppi made two discovery requests of Ogden Teck which form the basis of the instant dispute. On February 27 Karppi served his first requests for production of documents, which included requests for "Corporate documents and communications of Ogden Teck, Inc., including Articles of Incorporation, By–Laws, Stock Certificates, and minutes from

annual meetings of the Board of Directors and Shareholders." Also on February 27, Karppi noticed Herbert Ogden's deposition for March 14, 1996, in Greenville. Ogden Teck responded that Herbert Ogden, a Pennsylvania resident, was not a control officer in the corporation; thus, he was neither required to, nor would he voluntarily submit to a deposition in South Carolina. However, Ogden Teck offered Marilyn Ogden for a deposition because she was familiar with the facts of the case.

Karppi, not satisfied with the responses to his two discovery requests, particularly the opposition to deposing Herbert Ogden, moved to compel Mr. Ogden's deposition on May 15. Following a hearing, the trial court issued a discovery order on June 29, which reflected the agreement of the parties. The June 29 order provided, in pertinent part, that Ogden Teck must fully and completely respond to outstanding discovery requests within thirty days and that Herbert Ogden must be made available for deposition in Greenville if he was an officer of Ogden Teck at any time after the action was filed. Otherwise, the parties "agreed to take his deposition by telephone."

At a July 11 status conference, the trial court ordered Ogden Teck to comply with the terms of the prior discovery order by July 31, and set the case for trial during the week of August 12. Because Ogden Teck never made Herbert Ogden available for a deposition, Karppi filed on August 1 a second notice for the deposition for August 6.[1] On August 9, Karppi filed a second motion to compel discovery. Following a hearing on the matter, the trial court found that the justifications offered by Ogden Teck for its failure to comply with the June 29 order were inadequate, and that Ogden Teck had "intentionally and willfully violated the Orders of this Court."[2]

1. Based on our disposition of the issue concerning the inappropriate severity of the sanction in this case, we need not decide the issue of the sufficiency of notice given for the second deposition of Herbert Ogden.

2. Specifically the court noted that "[t]he only things submitted are a self-serving letter from Mr. Ogden himself asserting he was not an officer at the time the action was filed and a letter from an alleged physician stating, without explanation or comment, that Mr. Ogden could not travel because of age and illness. This very simply will not suffice."

Having found that Ogden Teck willfully and intentionally failed to comply with the discovery order, the trial court struck Ogden Teck's answer, counterclaim and cross-claim, and ordered that default be entered against it. The trial court ordered the case to go to trial, at which Ogden Teck "may appear and cross examine Plaintiff's witnesses only on the issue of damages."[3]

## II.

Ogden Teck contends the trial judge abused his discretion in striking its pleadings. We agree.[4]

"The imposition of sanctions is generally entrusted to the sound discretion of the Circuit Court." *Downey v. Dixon*, 294 S.C. 42, 45, 362 S.E.2d 317, 318 (Ct.App.1987). A trial court's exercise of its discretionary powers with respect to sanctions imposed in discovery matters will be interfered with by the Court of Appeals only if an abuse of discretion has occurred. *Clark v. Ross*, 284 S.C. 543, 328 S.E.2d 91 (Ct.App. 1985). The burden is upon the party appealing from the order to demonstrate the trial court abused its discretion. *Clark*, 284 S.C. at 570, 328 S.E.2d at 107. An abuse of discretion may be found where the appellant shows that the conclusion reached by the trial court was without reasonable factual support and resulted in prejudice to the rights of appellant, thereby amounting to an error of law. *Dunn v. Dunn*, 298 S.C. 499, 502, 381 S.E.2d 734, 735 (1989) (citing *Darden v. Witham*, 263 S.C. 183, 209 S.E.2d 42 (1974)).

Rule 37 expressly grants the trial court power to order judgment by default for either the violation of a court order, or, upon motion, for a party's failure to respond to certain discovery requests. Rule 37(b)(2)(C) & (d), SCRCP. However, when the court orders default or dismissal, or the

---

3. It appears that the original trial scheduled for the week of August 12, 1996, was continued due to an illness of Greenville Terrazzo's principal.

4. Karppi argues as a sustaining ground for the order below that Ogden Teck's appeal should be dismissed because its brief was untimely filed. We need not consider this argument, however, because this Court has previously granted Ogden Teck's motion to extend.

sanction itself results in default or dismissal, the end result is nevertheless harsh medicine that should not be administered lightly. *See generally Orlando v. Boyd,* 320 S.C. 509, 466 S.E.2d 353 (1996); *Baughman v. American Tel. & Tel. Co.,* 306 S.C. 101, 410 S.E.2d 537 (1991). Before invoking this severe remedy, the trial court must determine that there is some element of bad faith, willfulness, or gross indifference to the rights of other litigants. *See Orlando; Baughman.* The sanction imposed should be reasonable, and the court should not go beyond the necessities of the situation to foreclose a decision on the merits of a case. *Balloon Plantation v. Head Balloons,* 303 S.C. 152, 399 S.E.2d 439 (Ct.App.1990). The sanction should be aimed at the specific misconduct of the party sanctioned. *Balloon Plantation,* 303 S.C. at 154, 399 S.E.2d at 440. Furthermore, whatever sanction is imposed should serve to protect the rights of discovery provided by the Rules of Civil Procedure. *Downey,* 294 S.C. at 45, 362 S.E.2d at 318; *Kershaw Co. Bd. of Educ. v. United States Gypsum Co.,* 302 S.C. 390, 396 S.E.2d 369 (1990).

We reluctantly agree with the appellant that the trial court abused its discretion by ordering the sanction involved in this appeal, because the sanction imposed was unduly harsh under the circumstances, and because the sanction was not limited in scope with regard to the violation by the appellant of the court's order. *See Balloon Plantation.* The need for the trial court to narrowly tailor its sanction to the offense committed by a party is never more evident than in cases involving multiple parties. Where, as here, multiple parties are involved, the trial court must closely scrutinize the dynamics of the litigation and be extremely cautious before striking the pleadings of a transgressing party because of the effects such action is likely to have on the other parties. Although the trial court made the requisite finding that Ogden Teck "intentionally and willfully violated the Orders of this Court," the court failed to properly tailor its sanction to address the specific violation committed by Ogden Teck vis-a-vis Karppi.

In striking Ogden Teck's pleadings in their entirety, including its cross-claim against Terrazzo, the trial court went beyond what was reasonably necessary to redress the wrong that was committed by Ogden Teck. There is no evidence in the record that Terrazzo's rights of discovery have been

violated by Ogden Teck. Neither has Terrazzo moved for any relief due to any alleged misconduct by or on behalf of Ogden Teck. Dismissal of Ogden Teck's potentially meritorious cross-claim against Terrazzo serves no one's interest but Terrazzo's. Terrazzo's discovery rights are simply not the discovery rights that the trial court was properly protecting by imposing the sanction in this case, and it was an abuse of the court's discretion to attempt to do so in this instance.

In essence, Terrazzo received a windfall due to the overbreadth of the trial court's sanction, because Terrazzo was wholly removed from the instant discovery dispute. The trial court failed to aim its sanction at the specific misconduct of Ogden Teck, and in so doing, ran afoul of the requirement that the sanction imposed be reasonable—comprehensive, yet not overly broad. *See Downey v. Dixon,* 294 S.C. 42, 362 S.E.2d 317 (Ct.App.1987) (holding that the trial court erred by imposing a sanction that was too lenient to adequately serve to protect the Rules). Indeed, the sanction imposed in this case is a "shotgun blast" rather than a mere "rifle shot." *Balloon Plantation,* 303 S.C. at 154, 399 S.E.2d at 440.

While the sanction imposed in this case constitutes a windfall for Terrazzo with regard to the trial court's disposal of the cross-claim, we also recognize that the striking of Ogden Teck's answer creates undue and unwarranted prejudice against Terrazzo where none previously existed. If the answer is struck then liability is presumed as to Ogden Teck. Thus, Terrazzo is summarily stripped of its ability to defend on the ground that the materials sold were not, in fact, defective. Surely the trial court did not intend to punish or reward Terrazzo with its imposition of sanctions against Ogden Teck based on its discovery dispute with Karppi. The practical effect of the trial court's sanction, however, is to do just that, thereby unnecessarily foreclosing a decision on the merits of this case. *Balloon Plantation.*

By no means do we condone the clear violation of the June 29 order by Ogden Teck. To the contrary, we find Ogden Teck's actions with regard to this discovery dispute to be repugnant and worthy of appropriate sanctions.[5] Under these

---

5. We do not agree with appellant's contention that Ogden Teck did not violate the June 29 order. The order clearly required Ogden Teck to

circumstances, however, the harsh sanction that was imposed was not commensurate with Ogden Teck's disobedience, and any number of lesser, more narrowly tailored sanctions would have sufficed to protect Karppi's rights while adequately punishing the wrongdoing of Ogden Teck. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (stating policy reasons for the imposition of sanctions under Rule 37: "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.").[6]   Therefore, we find that the trial court abused its discretion with its imposition of this harsh and unjustifiable sanction.

Accordingly, for the foregoing reasons, the decision of the trial court is reversed, and the case is remanded for further proceedings, including the imposition of appropriate sanctions, if any, not inconsistent with this opinion.

**REVERSED AND REMANDED.**

GOOLSBY, J., concurs.

ANDERSON, J., concurs in a separate opinion.

fully and completely respond to outstanding discovery requests within thirty days.   Plainly this included Karppi's request for production of documents, including the corporate records, which, *inter alia,* should have indicated whether or not Herbert Ogden was a control officer in the corporation.   However, despite the clear mandate of this order, as well as the trial court's reaffirmation thereof at the July 11 status conference, there is no evidence in the record that Ogden Teck responded at all, much less within thirty days.   Furthermore, the trial court was free to reject Ogden Teck's belated attempts at proffering a half-hearted excuse for its failure to tender Herbert Ogden for deposition in Greenville.   Accordingly, the finding in the August 28 default order that "[a]t no time has Defendant Ogden Teck, Inc. offered a response to the outstanding discovery requests as ordered by this Court," was proper.

6.   While we agree that the trial court was well within its power to penalize Ogden Teck for what the court found to be willful disobedience, under these circumstances it seems from the record as though the attorney for Ogden Teck was at least as much to blame as the party itself, for its indiscretions.   To penalize Ogden Teck so severely for apparently relying on the advice of its attorney, under these circumstances, is clearly unjust, and would not properly serve the purposes for sanctions. *Cf. Dunn v. Dunn*, 298 S.C. 499, 381 S.E.2d 734 (1989).

ANDERSON, Judge (concurring in a separate opinion):

I concur with the decision to reverse the trial judge. In my opinion, the sanction imposed by the judge under Rule 37, SCRCP, for failure to comply with the discovery order was too severe and constituted an abuse of discretion.

## STANDARD OF REVIEW

"The imposition of sanctions is generally entrusted to the sound discretion of the Circuit Court." *Downey v. Dixon*, 294 S.C. 42, 45, 362 S.E.2d 317, 318 (Ct.App.1987). The burden is upon the appealing party to show that the trial court abused its discretion in imposing sanctions for the violation of a discovery order. *Kershaw County Bd. of Educ. v. U.S. Gypsum Co.*, 302 S.C. 390, 396 S.E.2d 369 (1990). "An abuse of discretion may be found where the appellant shows that the conclusion reached by the trial court was without reasonable factual support and resulted in prejudice to the rights of appellant, thereby amounting to an error of law." *Id.* at 395, 396 S.E.2d at 372.

## RULE 37, SCRCP

Rule 37(b)(2), SCRCP, provides in pertinent part that, if a party fails to obey an order for discovery, the court "may make such orders in regard to the failure as are just," including (A) ordering that certain matters or designated facts be deemed established in accordance with the claim of the party obtaining the order; (B) prohibiting the party from supporting or opposing designated claims or defenses, or prohibiting him from introducing certain matters into evidence; (C) striking the pleadings or parts thereof, dismissing all or part of the action, or rendering a judgment by default against the disobedient party; and/or (D) treating the violation as a contempt of court. In addition, the court may order the party to pay the reasonable expenses, including attorney's fees, that were caused by the failure to comply with the discovery order.

In the case before us, the judge struck Ogden Teck's answer, counterclaim, and cross-claim, and ordered that default be entered against it for failing to comply with the discovery order. This remedy is one of the alternatives

available to the judge under Rule 37(b)(2)(C). However, in my opinion, it was an abuse of discretion for the judge to impose this harsh alternative because the remedy was a "shotgun blast" aimed at the transgression of Ogden Teck which foreclosed a decision on the merits of the case:

> [T]he sanction imposed should be reasonable, and the Court should not go beyond the necessities of the situation to foreclose a decision on the merits of a case. *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). The sanction should be aimed at the specific misconduct of the party sanctioned. In other words, the sanction should be a rifle-shot, not a shotgun blast. In the instant case, the sanction was a hydrogen bomb. The defendants were denied the opportunity to present a defense. "The courts have generally held that *Rogers* requires some element of bad faith, willfulness, or callous disregard of the rights of other litigants in order to justify imposition of such a sanction." 4A J. Moore, J. Lucas & D. Epstein, *Moore's Federal Practice* ¶ 37.03[2], at 89 (2d ed. 1990).

*Balloon Plantation, Inc. v. Head Balloons, Inc.,* 303 S.C. 152, 154, 399 S.E.2d 439, 440 (Ct.App.1990).

"A dismissal under Rule 37(b)(2)(C) is not mandatory; rather, the trial court is allowed to make such orders as it deems just under the circumstances, and the selection of a sanction is within the court's discretion." *Kershaw County,* 302 S.C. at 395, 396 S.E.2d at 372. "Whatever sanction is imposed should serve to protect the rights of discovery provided by the rules." *Id. See also Pioneer Elecs. (USA), Inc. v. Cook,* 294 S.C. 135, 137, 363 S.E.2d 112, 113 (Ct.App.1987) ("One of the actions authorized under 37(b)(2)(C) is the dismissal of the action, however this is not mandatory. The court is allowed to make such orders as it deems just under the circumstances and the selection of a sanction is discretionary with the court.").

A sanction which results in a default or dismissal is harsh punishment which should be imposed only if there is some showing of wilful disobedience or gross indifference to the rights of the adverse party. *See generally Baughman v. American Tel. & Tel. Co.,* 306 S.C. 101, 410 S.E.2d 537 (1991).

"The sanction of striking pleadings should not be lightly used, since it can amount to judgment against the delinquent party without an opportunity to be heard on the merits." 23 Am.Jur.2d *Depositions and Discovery* § 390 (1983). "[A] default judgment is clearly a drastic remedy and should be resorted to only in extreme situations, as where it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders or persists in an outright refusal to comply with discovery obligations, or where there is a series of episodes of nonfeasance on the part of counsel amounting to a near total dereliction of professional responsibility and going well beyond ordinary negligence." 23 Am.Jur.2d *Depositions and Discovery* § 391 (1983) (discussing the federal rule).

In denying Ogden Teck's motion for reconsideration, the judge stated, "The only things submitted [by Ogden Teck] are a self-serving letter from Mr. Ogden himself asserting he was not an officer at the time the action was filed and a letter from an alleged physician stating, without explanation or comment, that Mr. Ogden could not travel because of age and illness. This very simply will not suffice. At the very least, the Defendant could have produced Articles of Incorporation showing that Mr. Ogden was or was not an officer at the alleged times."

The judge's frustration at Ogden Teck's sluggish and incomplete response to the discovery order is absolutely justified, and I agree that Ogden Teck should be sanctioned for its failure to timely abide by the trial court's order for the scheduling of a deposition and the provision of certain documents. However, the judicial chastisement imposed was excessively punitive. The sanction consisted of a "Scud missile" when a "rifle shot" would have been efficacious. Indubitably, the court was faced with an obstreperous party; however, the record is exiguous in regard to conduct calling for the ultimate penalty. Instead of striking Ogden's pleadings and holding them in default, I believe the judge should have imposed one of the alternative sanctions for its inadequate response, such as assessing them costs for the delay, or holding them in contempt for failing to adequately comply with the discovery order. These remedies have been implemented in situations

involving similar misconduct, and I believe any of these alternatives are more appropriate than imposing the "ultimate sanction" of striking Ogden's answer and holding it in default. Denying a party the opportunity to be heard should be carefully invoked and reserved for the most egregious cases.

For example, in *Orlando v. Boyd*, 320 S.C. 509, 466 S.E.2d 353 (1996), a medical malpractice case, the trial judge ruled the plaintiffs could not use a particular doctor as their expert witness because they had failed to abide by a scheduling order for his deposition. The judge also denied the plaintiffs' request to allow them to name and depose another expert. These rulings precluded the plaintiffs from having an expert witness, and the judge next granted the defendants' summary judgment motion because without a medical expert, the plaintiffs could not establish a deviation from the proper standard of care. Our Supreme Court found the trial judge abused his discretion in precluding the plaintiffs' named doctor from testifying, stating the judge effectively dismissed the case for the plaintiffs' failure to follow a scheduling order.

In *Ball v. Canadian American Express Co.*, 314 S.C. 272, 442 S.E.2d 620 (Ct.App.1994), this Court upheld a finding of contempt as an appropriate sanction where counsel for Canadian American freely admitted his clients had refused to comply with discovery orders before a certain date and had still not complied with certain discovery requests by the time of trial.

In *Downey*, 294 S.C. 42, 362 S.E.2d 317, we found a $50 fine was too lenient a sanction for a party's failure to answer interrogatories or attend a deposition and reversed for a new trial. However, in reversing we noted that we were not requiring the specific sanctions sought by Downey to be imposed against the other party, i.e., exclusion of the witness at trial. We stated, "Exclusion of a witness is a sanction which should never be lightly invoked." *Id.* at 46 n. 4, 362 S.E.2d at 319 n. 4 (quoting *Moran v. Jones*, 281 S.C. 270, 276, 315 S.E.2d 136, 139 (Ct.App.1984)).

In *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36 (4th Cir.1995), the Fourth Circuit reversed the district court's imposition of a $6 million default judgment against Navistar as a sanction for the violation of discovery orders. In addressing

the propriety of a default sanction under Rule 37 of the Federal Rules of Civil Procedure, the court stated:

> While the imposition of sanctions under Rule 37(b) lies within the trial court's discretion, "[i]t is not . . . a discretion without bounds or limits." *Wilson v. Volkswagen of Am.,* 561 F.2d 494, 503 (4th Cir.1977), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978). In the case of default, the "range of discretion is more narrow" than when a court imposes less severe sanctions. *Id.* In particular, this court has emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction. As we recently noted in a slightly different context, a party "is entitled to be made aware of th[e] drastic consequence[s] of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid" the sanction. *Choice Hotels Int'l v. Goodwin & Boone,* 11 F.3d 469, 473 (4th Cir.1993). In *Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951 (4th Cir.1987), reversing a default sanction as an abuse of discretion, a panel of this court considered the failure to warn a "salient fact" which distinguished that case from those in which default was appropriate. *Id.* at 954 n. 2. According to the *Lolatchy* court, if a warning had been given, "another case would be presented." *Id.* Because the court had issued only general scheduling orders in the case at bar, the lack of any advance notice is especially problematic.

*Id.* at 40.

The majority focuses on the striking of Ogden's cross-claim against Terrazzo and the "overbreadth" of the sanction. However, I find striking Ogden's answer and holding it in default too severe a sanction in itself, especially without warning of the impending default, and I would reach this conclusion even if the judge had not additionally struck Ogden's counterclaim and cross-claim.

## *CONCLUSION*

Accordingly, because a sanction which precludes a decision on the merits should not be lightly invoked, I agree with the decision to reverse the trial judge.