THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ottis Owens and Shirley Owens,       
Respondents,
 
 
 

v.

 
 
 
Demetris A. Dawson,       
Appellant.
 
 
 

Appeal From Berkeley County
Gerald C. Smoak, Sr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-466
Submitted May 12, 2003  Filed July 
 18, 2003  

REVERSED

 
 
 
Francis M. Ervin, II, of Charleston, Robert D. Moseley, Jr., 
 of Greenville; for Appellant.
E. Paul Gibson, of N. Charleston; for Respondents.
 
 
 

PER CURIAM:  Demetris Dawson appeals a circuit 
 court order entering default judgment against him as a sanction pursuant to 
 Rule 37, SCRCP, in connection with his failure to attend a scheduled deposition.  
 We reverse. [1] 
FACTS/PROCEDURAL HISTORY
Ottis and Shirley Owens filed this 
 automobile negligence action against Demetris Dawson.  The Owens attempted to 
 serve Dawson through the Richland County Sheriffs Department at the address 
 Dawson provided the investigating officers at the accident scene.  This service 
 was unsuccessful because the address Dawson had given did not exist.  The Owens 
 then hired a private process server, Ellen Richardson, who determined Dawson 
 was residing with his mother on Orr Street in Columbia.  Richardson served Denice 
 Dawson, a person believed to be Dawsons mother, at this residence.  
The South Carolina Department of Insurance accepted 
 service on behalf of Allstate, the underinsured motorist carrier.  Allstate 
 filed a notice of appearance pursuant to S.C. Code Ann. § 38-77-160 (2002).  
 In this notice, counsel stated he did not represent Dawson and was not undertaking 
 representation of him through the notice.  
Dawsons deposition was first scheduled 
 for December 5, 2000, then rescheduled for January 2, 2001.  By letter dated 
 November 28, 2000, Dawsons counsel explained to the Owens counsel as 
 follows:

Please be advised that we cannot produce Demetris Dawson for 
 his deposition.  We have never made contact with the defendant and do not know 
 of his whereabouts.  We have never been able to confirm that Mr. Dawson resided 
 at the place where the suit papers were served.
Anyway, I just wanted to give you advance notice that we 
 cannot locate the defendant and, therefore, cannot guarantee his appearing for 
 a deposition.  I welcome any suggestions you might have.  

Dawson did not appear for the deposition.  The Owens 
 moved for sanctions against him pursuant to Rule 37(d), SCRCP.  
Counsel for Dawson and the Owens 
 appeared at a circuit court hearing on the sanctions motion, but counsel for 
 Allstate was in trial in another court and did not attend.  The trial court 
 found Dawson failed to comply with discovery and entered judgment by default 
 against him with regard to liability.  The court also ordered a damages hearing 
 be scheduled.  Dawson appeals.
LAW/ANALYSIS
 Dawson argues the circuit court abused 
 its discretion in sanctioning him.  We agree.
 [T]his court will not reverse our lower courts 
 decision as to an imposition of sanctions under Rule 37(d) absent a clear abuse 
 of discretion.  Pioneer Elecs. (USA) Inc. v. Cook, 294 S.C. 135, 137, 
 363 S.E.2d 112, 113 (Ct. App. 1987).  If a party fails to obey an order to 
 provide or permit discovery, the trial court may impose sanctions such as striking 
 pleadings, dismissing the action, or rendering a default judgment.  Griffin 
 Grading & Clearing, Inc. v. Tire Service Equip. Mfg. Co., Inc., 334 
 S.C. 193, 198, 511 S.E.2d 716, 718 (Ct. App. 1999) (citing Rule 37(b)(2)(C), 
 SCRCP).  However, when the court orders default or dismissal, or the sanction 
 itself results in default or dismissal, the end result is nevertheless harsh 
 medicine that should not be administered lightly.  Karppi v. Greenville 
 Terrazzo Co., Inc., 327 S.C. 538, 542-43, 489 S.E.2d 679, 682 (Ct. App. 
 1997). 
Before invoking this severe remedy, the trial 
 court must determine that there is some element of bad faith, willfulness, or 
 gross indifference to the rights of other litigants.  Id. at 543, 489 
 S.E.2d at 682.  The sanction imposed should be reasonable, and the court should 
 not go beyond the necessities of the situation to foreclose a decision on the 
 merits of a case.  Id.  The sanction should be aimed at the specific 
 misconduct of the party sanctioned.  Id.  In determining the appropriateness 
 of a sanction, the court should consider such factors as the precise nature 
 of the discovery and the discovery posture of the case, willfulness, and degree 
 of prejudice.  Griffin, 334 S.C. at 199, 511 S.E.2d at 719.  
In Griffin, we found the 
 circuit court did not abuse its discretion in striking the answer of defendant 
 Tire Service.  Before the circuit court struck Tire Services answer, four separate 
 orders had been issued requiring Tire Service to comply with discovery requests.  
 Tire Service had not meaningfully complied with any of these orders.  We affirmed, 
 stating [i]f there was ever a case where striking a partys pleading was an 
 appropriate sanction, it is this case where the record is full of multiple, 
 egregious discovery abuses that blocked the opposing partys attempts to conduct 
 meaningful discovery.  Id.
In Karppi, we found the circuit 
 court abused its discretion in striking defendant Ogden Tecks pleadings, including 
 a cross-claim, and entering default judgment against it.  Karppi, 327 
 S.C. at 542, 489 S.E.2d at 681.  Karppi served a request for the production 
 of documents and noticed the deposition of Herbert Ogden, a Pennsylvania resident.  
 Ogden Teck maintained Ogden was not required to attend a deposition and would 
 not voluntarily submit to one.  The company offered another individual who was 
 familiar with the facts of the case for a deposition.  Ogden was never made 
 available, despite a court order that he be made available.  Id. at 540-41, 
 489 S.E.2d at 680-81.  Following a hearing, the circuit court found Ogden Teck 
 had intentionally and willfully violated the court order and as a sanction, 
 struck its pleadings and entered default judgment against it.  Id. at 
 541-42, 489 S.E.2d at 681.  We reversed, holding the circuit court abused its 
 discretion because the sanction imposed was unduly harsh under the circumstances, 
 and because the sanction was not limited in scope with regard to the violation 
 by [Ogden Teck] of the courts order.  Id. at 543, 489 S.E.2d at 682.  
 We also held the circuit court went beyond what was reasonably necessary to 
 redress the wrong committed by Ogden Teck and noted the sanction imposed for 
 a discovery violation must be reasonable -- comprehensive, yet not overly broad.  
 Id. at 544, 489 S.E.2d at 682.
This case is more akin to Karppi 
 than to Griffin.  In Griffin, Tire Service was sanctioned after 
 it repeatedly and consistently refused to comply with several court orders of 
 which it was aware.  In Karppi, Ogden Teck violated a court order, but 
 the sanction was much more severe than the violation, particularly in light 
 of its harsh effect on other parties to the litigation.  In this case, Dawson 
 failed to appear for a deposition.  Here, as in Karppi, the sanction 
 was unduly harsh when compared to the discovery violation.  Additionally, there 
 is no evidence Dawson willfully and intentionally disregarded his obligation 
 to comply with discovery requests.  Further, Dawsons failure to appear for 
 his deposition was not a surprise to anyone because Dawsons counsel had notified 
 the Owens counsel that he had been unable to get in touch with him.  The severe 
 sanction imposed by the court went beyond the necessities of the situation.  
 Moreover, the sanction fashioned by the court would not remedy the harm the 
 Owens claimed the violation caused them.  The Owens argued for default contending 
 Dawsons failure to attend the deposition prejudiced their ability to discover 
 anything about Dawson that could lead to the imposition of punitive damages 
 or give rise to increased damages.  Holding Dawson in default would not rectify 
 this problem.  The trial judge abused his discretion in striking the answer 
 and putting Dawson in default.
Because we find the decision of the circuit 
 court must be reversed for these reasons, we need not address Dawsons remaining 
 issues on appeal.
REVERSED.
 HEARN, C.J., CONNOR and STILWELL, JJ., concur.

 
 
 [1]                We decide this case without oral argument pursuant 
 to Rule 215, SCACR.