**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Yadkin Valley Bank & Trust, Respondent,

v.

Oaktree Homes, Inc., Dawne M. Ras and Thomas C. Ras, Daniel Simpson, Above All Services, Inc., Carter Lumber Co., Efficient Painting Contractors, Inc., Creative Concepts, and Solid As A Rock, Inc., Defendants,

of whom Oaktree Homes, Inc. is the Petitioner.

Appellate Case No. 2014-002182

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal from York County
John C. Hayes, III, Circuit Court Judge

---

Memorandum Opinion No. 2016-MO-023
Heard November 4, 2015 – Filed July 6, 2016

---

**AFFIRMED**

---

Chad A. McGowan and William A. McKinnon, both of McGowan, Hood & Felder, L.L.C., of Rock Hill; and

Blake A. Hewitt and John S. Nichols, both of Bluestein, Nichols, Thompson & Delgado, L.L.C., of Columbia, for Petitioner.

James W. Sheedy and Susan E. Driscoll, both of Driscoll Sheedy, P.A., of Charlotte, North Carolina, for Respondent.

———————

**PER CURIAM:**  Petitioner Oaktree Homes, Inc. (Oaktree) petitioned this Court for a writ of certiorari to challenge the court of appeals' holding in *Yadkin Valley Bank & Trust v. Oaktree Homes, Inc.*, Op. No. 2014-UP-306 (S.C. Ct. App. filed July 30, 2014), that the trial court properly granted Respondent Yadkin Valley Bank & Trust (Yadkin Valley) summary judgment on Oaktree's counterclaims and properly denied Oaktree's request for sanctions against Yadkin Valley.  We granted Oaktree's petition and now affirm for the reasons set forth by the court of appeals.

We dispose of this matter pursuant to Rule 220, SCACR, and the following brief analysis. We find Yadkin Valley demonstrated the absence of a genuine issue of material fact and its entitlement to a judgment as a matter of law.  *See* Rule 56(c), SCRCP (describing when a court should grant a party's motion for summary judgment).  There is no evidence that Oaktree "received a writing from the party to be charged containing the material terms and conditions of the promise . . . and the party to be charged . . . has signed the writing."  S.C. Code Ann. § 37-10-107(1)(c) (2015).  In this regard, Oaktree has not presented evidence that any writing *containing all of the material terms and conditions of the loan agreement* ever existed.  Although Dawne Ras's affidavit claimed the parties signed a letter containing "handwritten changes," there is no mention in the Rases' testimony of the parties initialing changes to the printed commitment letter.  In fact, Thomas Ras stated in his deposition that the interest rate—undoubtedly a material term[1]—

---

[1] *E.g.*, *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (noting that "the rate of interest is a term which is essential to a determination of the rights and duties of the parties"); *Sanders v. Bagwell*, 32 S.C. 238, 242–43, 10 S.E. 946, 947 (1890) ("It is hardly necessary to say that an alteration as to the time of payment, the amount to be paid, or the rate of interest . . . would be material . . . .").

was scratched out.  Moreover, he failed to state what, if anything, replaced it, leaving to speculation whether Oaktree and American Community Bank[2] (the Bank) agreed to a different interest rate or any interest rate at all.  He also testified it was common for Derek Franklin, the Bank's loan officer, to take marked-up copies of documents back to the Bank for approval.  Although Thomas Ras testified that the Bank usually acquiesced to Oaktree's requests for changes to the drafts, nothing indicates Oaktree ever *received* a final, written agreement signed by the Bank, which section 37-10-107 expressly requires.  *See generally* John L. Culhane, Jr. & Dean C. Gramlich, *Lender Liability Limitation Amendments to State Statutes of Frauds*, 45 Bus. Law. 1779, 1795 (1990) ("This 'delivery' requirement is intended to preclude lawsuits based on personal notes, confidential memoranda, or drafts . . . .").  Thus, absent evidence Oaktree received a signed, written document containing all of the loan agreement's material terms, the lender statute of frauds bars Oaktree's counterclaims and we need not address what effect, if any, a document's loss or destruction has on section 37-10-107.

Furthermore, given the record before it, the trial court did not abuse its discretion in denying Oaktree's request for sanctions against Yadkin Valley, especially when Yadkin Valley's defenses depended on the lack of a signed loan agreement and Oaktree sought "an Order striking all defenses to [its] counterclaims and arguments which rely on or presume that there is not a signed or executed loan commitment." *See Davis v. Parkview Apartments*, 409 S.C. 266, 281, 762 S.E.2d 535, 543 (2014) ("'The imposition of sanctions is generally entrusted to the sound discretion of the [trial] [c]ourt.'" (quoting *Downey v. Dixon*, 294 S.C. 42, 45, 362 S.E.2d 317, 318 (Ct. App. 1987))); *id.* at 281, 762 S.E.2d at 543 ("[A]n appellate court will not interfere with 'a trial court's exercise of its discretionary powers with respect to sanctions imposed in discovery matters' unless the court abuses its discretion." (quoting *Karppi v. Greenville Terrazzo Co.*, 327 S.C. 538, 542, 489 S.E.2d 679, 681 (Ct. App. 1997))); *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 109, 410 S.E.2d 537, 542 (1991) (noting that sanctions that amount to a "judgment by default or dismissal . . . may be made only if there is some showing of wilful disobedience or gross indifference to the rights of the adverse party" (citations omitted)).

Given our resolution of this case on the grounds discussed above, we need not consider the parties' other arguments.  *See Futch v. McAllister Towing of*

---

[2] American Community Bank was Yadkin Valley's predecessor in interest.

*Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting the Court need not decide issues unnecessary to resolve the case before it).

The decision of the court of appeals is thus affirmed.

**AFFIRMED.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN, JJ., and Acting Justice Jean H. Toal, concur.**