**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kimberly Welch, as Personal Representative of the Estate of Judy Ann Haselden, Respondent,

v.

Michael D. Smoak and Murray Sand Co., Inc., Appellants.

Appellate Case No. 2024-001681

---

Appeal From Sumter County
George M. McFaddin, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-128
Submitted March 2, 2026 – Filed March 18, 2026

---

**AFFIRMED**

---

Jeffrey Ammons and Samuel Wallace Carnwath, III, both of Walker Allen Grice Ammons & Foy, LLP, and Sarah Rand-McDaniel, all of Mount Pleasant; and Andrew F. Lindemann, of Lindemann Law Firm, P.A., of Columbia, all for Appellants.

George Murrell Smith, Jr., of Smith Robinson Holler DuBose Morgan, LLC, of Sumter; Frederick Newman Hanna, Jr., of Smith Robinson Holler DuBose Morgan, LLC, of Columbia; and Alexander S. Hogsette, of

Hatfield Temple Law LLC, and E. Hood Temple, of Temple & Hogsette Law Group, both of Florence, all for Respondent.

_____

**PER CURIAM:** Michael D. Smoak and Murray Sand Co., Inc., (Murray Sand; collectively, Appellants) appeal the circuit court's sanctions order striking their answer and holding them in default for discovery violations. Appellants argue the circuit court erred in concluding they violated court orders; abused its discretion in concluding that the production of the three pages of documents relating to Blue Max Trucking (Blue Max) on September 30, 2021, warranted the striking of their answer; and failed to properly exercise its discretion in considering lesser and more narrowly tailored sanctions to address the misconduct as found. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not abuse its discretion by striking Appellants' answer and holding them in default for discovery violations. *See* Rule 37(b)(2)(C), SCRCP (providing a court may "order [the] striking out [of] pleadings . . . or rendering a judgment by default against the disobedient party" for failure to comply with an order compelling discovery); *Davis v. Parkview Apartments*, 409 S.C. 266, 281, 762 S.E.2d 535, 543 (2014) ("The imposition of sanctions is generally entrusted to the sound discretion of the [c]ircuit [c]ourt." (quoting *Downey v. Dixon*, 294 S.C. 42, 45, 362 S.E.2d 317, 318 (Ct. App. 1987))); *id.* ("[A]n appellate court will not interfere with 'a [circuit] court's exercise of its discretionary powers with respect to sanctions imposed in discovery matters' unless the court abuses its discretion." (quoting *Karppi v. Greenville Terrazzo Co.*, 327 S.C. 538, 542, 489 S.E.2d 679, 681 (Ct. App. 1997))); *id.* at 282, 762 S.E.2d at 543 ("An 'abuse of discretion' may be found by this [c]ourt where the appellant shows that the conclusion reached by the [circuit] court was without reasonable factual support, resulted in prejudice to the right of appellant, and, therefore, amounted to an error of law." (quoting *Dunn v. Dunn*, 298 S.C. 499, 502, 381 S.E.2d 734, 735 (1989))). Initially, we find Appellants' argument that the circuit court failed to differentiate the actions of Smoak and Murray Sand and imputed Murray Sand's conduct to Smoak is not preserved for appellate review because Appellants raised this argument for the first time in their Rule 59(e) of the South Carolina Rules of Civil Procedure motion to alter or amend. *See Johnson v. Sonoco Prods. Co.*, 381 S.C. 172, 177, 672 S.E.2d 567, 570 (2009) ("An issue may not be raised for the first time in a motion to reconsider.").

We further find evidence supports the circuit court's decision to strike Appellants' answer and hold them in default. Specifically, evidence showed Appellants violated the circuit court's August 27, 2020 and May 17, 2021 discovery orders; Welch was prejudiced by Appellants' misconduct; and Appellants acted willfully and in bad faith with respect to the production of the Blue Max documents. *See Griffin Grading & Clearing, Inc. v. Tire Serv. Equip. Mfg. Co.*, 334 S.C. 193, 199, 511 S.E.2d 716, 719 (Ct. App. 1999) ("In determining the appropriateness of a sanction, the court should consider such factors as the precise nature of the discovery and the discovery posture of the case, willfulness, and degree of prejudice."); *id.* at 198, 511 S.E.2d at 718 ("When the court orders default or dismissal, or the sanction itself results in default or dismissal, the end result is harsh medicine that should not be administered lightly."); *Karppi*, 327 S.C. at 542-43, 489 S.E.2d at 682 ("Before invoking [the] severe remedy [of default or dismissal, or the sanction results in default or dismissal], the [circuit] court must determine that there is some element of bad faith, willfulness, or gross indifference to the rights of other litigants."); *id.* at 543, 489 S.E.2d at 682 ("The sanction imposed should be reasonable, and the court should not go beyond the necessities of the situation to foreclose a decision on the merits of a case."); *id.* ("[W]hatever sanction is imposed should serve to protect the rights of discovery provided by the [South Carolina] Rules of Civil Procedure.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.