**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Richard A. Gorman, Respondent,

v.

John C. Monarch, Appellant.

Appellate Case No. 2025-000364

———————

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-317
Submitted June 1, 2026 – Filed June 24, 2026

———————

**AFFIRMED**

———————

Spencer Davis Langley, of Brumback & Langley, LLC, and Steven Edward Buckingham, of The Law Office of Steven Edward Buckingham, LLC, both of Greenville, for Appellant.

David L. Moore, Jr., of Turner Padget Graham & Laney, PA, of Greenville, Andrew Sims Radeker, of Radeker Law, P.A., of Columbia, and Langdon Cheves, III, of TED Law: Accident & Injury Law Firm, of North Charleston, all for Respondent.

———————

**PER CURIAM:** Richard A. Gorman filed this action against John C. Monarch, alleging defamation and intentional infliction of emotional distress. Monarch appeals the circuit court's order striking his answer and counterclaim as discovery sanctions, arguing the court erred by (1) abusing its discretion; (2) rejecting less severe sanctions; (3) improperly relying on contested expert opinions; (4) misinterpreting a consent order; and (5) depriving him of a fair opportunity to litigate his claims on the merits. We affirm pursuant to Rule 220(c), SCACR.

1.　　　Monarch argues the circuit court erred in finding he violated an August 21, 2020 consent order and a March 28, 2022 order. We disagree, finding reasonable evidence to support the court's findings that Monarch violated the orders. The circuit court's order on appeal documented Gorman's numerous attempts to obtain discovery over many years, including several motions to compel, multiple motions for sanctions, and motions to enforce prior orders. The August 21, 2020 consent order required, *inter alia*, Monarch to provide a list of electronic devices and cooperate concerning the expeditious provision of such devices. Although Monarch identified devices, he failed to produce them by first saying he did not have them, then admitting he had a laptop but still refusing to produce it. Monarch's failure to produce the laptop led to the March 28, 2022 order, which required Monarch to provide the laptop to an independent expert within twenty-one days. The March 2022 order addressed Monarch's alleged privacy concerns, allowing the parties to designate material as confidential and ordering the parties not to use or disclose confidential information. Monarch admits he did not produce the laptop until the "summer of 2023," despite yet another order requiring Monarch to comply, filed April 28, 2023, in which the court found that Monarch had agreed to and been required by two separate orders to provide the electronic(s) and still refused. The court found him in willful violation of the orders and imposed conditional sanctions by ordering him to comply with the March 28, 2022 order within forty-five days or be fined $7,500 and his answer and counterclaim would be stricken. We find evidence supports the circuit court's findings that Monarch violated the orders. *See Welch v. Advance Auto Parts, Inc.*, 445 S.C. 640, 650, 916 S.E.2d 320, 325 (2025), *cert. denied sub nom. Atlas Turner, Inc. v. Welch*, 223 L. Ed. 2d 544 (Jan. 12, 2026) ("Imposing sanctions for violating discovery rules is guided by the trial court's discretion, meaning we will not disturb the sanctions unless no reasonable evidence supports them or they were imposed contrary to the correct law.").

2.      Monarch next argues the circuit court erred in relying on the affidavits of the independent expert, Steven M. Abrams,[1] and Gorman's expert, Christopher Watkins.  We find no error.  The circuit court noted the laptop had been analyzed by three separate experts,[2] considered the affidavits of each, and noted their findings.  Watkins' affidavit stated that based on his analysis, it was "highly likely that the user intentionally removed" the history file on the laptop.  Abrams' supplemental affidavit indicated the internet history and content of the laptop had been erased in late 2016.  Finch's affidavit stated he found no evidence that Monarch's laptop had been tampered with.  The court found the affidavits of Watkins and Abrams convincing.  In *QZO, Inc. v. Moyer*, this court reviewed the circuit court's imposition of the sanction of striking the appellant's pleadings.  358 S.C. 246, 252, 594 S.E.2d 541, 545 (Ct. App. 2004).  The court stated that "[w]hen, as here, there is conflicting evidence on an issue, it is up to the court as trier of facts to judge credibility."  *Id.* at 257, 594 S.E.2d at 547.  Like the court in *QZO*, the court here appropriately considered the conflicting experts' affidavits before finding Monarch "willfully destroyed or removed relevant and material evidence."  We find no error by the circuit court in relying on Abrams' and Watkins' affidavits.

3.      Monarch argues the circuit court erred in imposing the sanctions, causing him prejudice because he has a meritorious defense and Gorman cannot win on the merits.  We find no error.  As the circuit court found, Gorman "has undergone tremendous efforts to locate and secure the information necessary to prove his case, only to be met with roadblocks at every step of the way.  [Monarch's] effort[s] have undermined the entire discovery process . . . ."  "Discovery is the quintessence of preparation for trial and, when discovery rights are trampled, prejudice must be presumed."  *Scott v. Greenville Hous. Auth.*, 353 S.C. 639, 652, 579 S.E.2d 151, 158 (Ct. App. 2003).  "Striking the pleadings of a party who refuses to abide by the basic governing rules" may be considered "a measured act of discretion."  *Welch*, 445 S.C. at 656, 916 S.E.2d at 329.  The sanction imposed "should serve to protect the rights of discovery provided by the Rules of Civil Procedure."  *Karppi v. Greenville Terrazzo Co.*, 327 S.C. 538, 543, 489 S.E.2d 679, 682 (Ct. App. 1997).  As recognized by Gorman, "the prejudice of the sanctions to [Monarch] is significant."  However, we find no abuse of discretion in the circuit court's finding that striking Monarch's answer and counterclaim was warranted because he "severely hamper[ed Gorman's] ability to prove his case."  *See Davis v. Parkview Apartments*, 409 S.C. 266, 281, 762 S.E.2d 535, 543 (2014) ("The imposition of sanctions is generally entrusted to the sound discretion of the

---

[1] Abrams was jointly retained by the parties.

[2] The court also considered the affidavit of Monarch's expert, Ian Finch.

[c]ircuit [c]ourt." (quoting *Downey v. Dixon*, 294 S.C. 42, 45, 362 S.E.2d 317, 318 (Ct. App. 1987))); *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support.").

4.      Monarch argues the circuit court abused its discretion in striking his answer and counterclaim.  We disagree.  The court recited an exhaustive list of the events between 2013 and 2024, noted the "Herculean steps [Gorman took] to obtain the material information from [Monarch,]" considered that Monarch entered the 2020 consent order and "then spent the next two and a half years conducting various legal maneuverings to block the production of the information[,]" and provided access to one relevant device, which two of the three experts found to be altered. Gorman's counsel put Monarch on notice in 2013 with a preservation letter.[3]  After discovery began, Monarch started a pattern of avoiding the disclosure of his devices by first saying he did not have them and then refusing to submit them to the neutral expert.  After agreeing to produce his devices in the consent order, Monarch still refused to produce anything, raising privacy concerns, which the court addressed in the March 28, 2022 order.  Monarch then produced his laptop, which two of three experts opined had been altered, and an unrelated laptop belonging to his wife.  The court concluded "it is clear that [Monarch] has engaged in a pattern of deception which justice and equity cannot ignore."  We find evidence supports the circuit court's findings; thus, there was no abuse of discretion.  *See Karppi*, 327 S.C. at 542, 489 S.E.2d at 682 (explaining that Rule 37, SCRCP, "expressly grants the [circuit] court power to order judgment by default for either the violation of a court order, or, upon motion, for a party's failure to respond to certain discovery requests"); *QZO*, 358 S.C. at 256, 594 S.E.2d at 547 ("When a party fails to obey an order relating to discovery, the trial court may strike that party's pleadings and enter a default judgment."); *Owens v. Stirling*, 438 S.C. 352, 358, 882 S.E.2d 858, 861 (2023) ("A trial court's ruling on a discovery matter will not be disturbed on appeal except where there is an abuse of discretion.").[4]

---

[3] By letter dated December 20, 2013, Gorman's counsel told Monarch to cease and desist any further publication and to preserve all relevant data and devices.
[4] Monarch also argues the circuit court's finding as to his deliberate destruction of data conflicts with its conclusion regarding his alleged failure to maintain the integrity of his devices during the pendency of the litigation.  As to his failure to maintain the integrity of his devices, he argues he is entitled to the protection provided by Rule 37(f), SCRCP.  First, we find these were independent and

5.      Monarch argues Gorman was not prejudiced by any of his conduct, the circuit court erred in failing to consider and impose less severe sanctions, and the magnitude of striking his answer and counterclaim was disproportionate to the circumstances.  We disagree.  The circuit court considered less severe sanctions, such as a fine or a spoliation charge to the jury.  The court found a spoliation charge would be "like a mere tap on the hand in view of [Monarch's] egregious conduct, especially since the failure to provide the information severely hampers [Gorman's] ability to prove his case."  As to fines, the court found they, along with striking of pleadings, had already been threatened and Monarch still did not provide the requested information.  We find evidence to support the circuit court's finding that Monarch acted with bad faith, willfulness, or gross indifference to the rights of Gorman and further find no abuse of discretion in the sanction imposed here.  *See Karppi*, 327 S.C. at 542, 489 S.E.2d at 682 ("Rule 37 expressly grants the [circuit] court power to order judgment by default for either the violation of a court order, or, upon motion, for a party's failure to respond to certain discovery requests."); *Griffin Grading & Clearing, Inc. v. Tire Serv. Equip. Mfg. Co.*, 334 S.C. 193, 199, 511 S.E.2d 716, 719 (Ct. App. 1999) ("In determining the appropriateness of a sanction, the court should consider such factors as the precise nature of the discovery and the discovery posture of the case, willfulness, and degree of prejudice."); *Karppi*, 327 S.C. at 543, 489 S.E.2d at 682 ("Before invoking [the] severe remedy [of default or dismissal, or a sanction resulting in default or dismissal], the [circuit] court must determine that there is some element of bad faith, willfulness, or gross indifference to the rights of other litigants."); *see also QZO*, 358 S.C. at 257, 594 S.E.2d at 547 (affirming the trial court's sanction of striking the appellant's answer and declaring him in default due to the appellant's

---

separate findings by the circuit court and they were not conflicting.  As to Rule 37(f), we find no error by the circuit court in declining to find Monarch is protected by this provision.  Rule 37(f) provides the following: "Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system."  The circuit court found the affidavits of Watkins and Abrams convincing, both of which indicated Monarch intentionally deleted data.  Although Finch's affidavit provided possible explanations for the deletion of data through automatic removal, which could amount to routine, good-faith operation under appropriate circumstances, the credibility of the affiants was for the circuit court.  *See QZO*, 358 S.C. at 257, 594 S.E.2d at 547 (stating "[w]hen, as here, there is conflicting evidence on an issue, it is up to the court as trier of facts to judge credibility").

violation of a temporary restraining order based on the undisputed facts that the appellant did not turn over a computer as directed and "[w]hen the computer was eventually turned over, it became clear that the hard-drive had been formatted the day before, effectively erasing any information contained therein"); *Griffin Grading & Clearing, Inc.*, 334 S.C. at 199, 511 S.E.2d at 719 (affirming the striking of the defendant's answer as a discovery sanction based on the defendant's egregious failure to comply meaningfully with four prior orders compelling discovery, even after being warned of the consequences of its failure to comply and after being assessed attorney's fees).

**AFFIRMED.**[5]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[5] We decide this case without oral argument pursuant to Rule 215, SCACR.